# APRIL TERM 1882.

---

The State Bank of Fenton v. Thomas Whittle, James Whittle et al.

*Preferred creditors—Family relations.*

A son who is actually indebted to his father has a legal right to prefer him to other creditors and to convey to him, in payment of his debt, enough of his property to meet it, even though he should not have enough left to pay the rest of his debts.

Appeal from Genesee. Submitted January 11. Decided April 5.

Bill in aid of execution. Complainant appeals. Dismissal affirmed.

*J. L. Topping* and *Baldwin & Draper* for complainant. Where the purchaser of land is made a party defendant to a bill in aid of execution his silence as to the good faith of the transfer is significant: *Whitney v. Rose* 43 Mich. 27; and indicates fraud: *Green v. Tantum* 19 N. J. Eq. 105; doubts should be solved in favor of an honest creditor: *Fury v. Strohecker* 44 Mich. 337; see *Smith v. Brown* 34 Mich. 459; *Darling v. Hurst* 39 Mich. 770; there is no implied contract to pay for work done by a son who lives in the family without paying board: *Coe v. Wager* 42 Mich. 49; *St. Jude's Church v. Van Denberg* 31 Mich. 287.

*II. C. Van Atta* and *George H. Durand* for defendants. Complainant charging fraud has the burden of proof: *Gay v. Bidwell* 7 Mich. 519; *Robert v. Morrin* 27 Mich. 306; *Loomis v. Smith* 37 Mich. 595; *Jordan v. White* 38 Mich. 253; a conveyance by a creditor in payment of an honest debt is not fraudulent: *Hollister v. Loud* 2 Mich. 316;

*People v. Bristol* 35 Mich. 28; and a debtor in preferring
creditors may give preference to a relation to whom he is
indebted: *Hill v. Bowman* 35 Mich. 191.

MARSTON, J.   The bill in this case was filed in aid of cer-
tain executions against Thomas Whittle and Lewis N. Algoe,
and levied upon certain real estate which it is claimed
Thomas Whittle conveyed to his father James Whittle for
the purpose of defrauding his, Thomas Whittle's, creditors.

The evidence in this case is clear and beyond dispute,
that James Whittle, who is now an old man, has been work-
ing by the month for different parties, but much of the time
for Thomas Whittle, since he came to Michigan in 1865.
That during nearly all this time his wages have been from
eighteen to twenty dollars per month and board, having
been at work in a brewery, and that his services were worth
such wages.   During all this time James Whittle has been
steady, industrious and economical, rarely spending any
money, and his wages have been received by or retained by
his son during all this time, under an agreement between
them that interest should be allowed thereon.   It also
appears that Thomas and James had one or two settlements,
and that frequently during all this time the fact that an
actual indebtedness existed was talked of and at no time
denied or kept secret.   In March, 1876, Thomas Whittle
gave his note to his father for two thousand seven hundred
dollars, as the amount then owing him.   This note was
introduced in evidence and criticised, but we were unable
to discover anything in the appearance of the paper or sur-
roundings to cause us to doubt its being genuine or that it
was not given at the time it purported to be.   Evidence was
also given that the total amount of the indebtedness in 1879
was upwards of four thousand dollars.

We have no doubt but that Thomas Whittle was owing
his father James Whittle a large amount of money, and
this being the fact, he had a legal right, if he chose to exer-
·cise it, to convey sufficient of his property to his father in
payment of that debt.   He had a right to prefer him as a

creditor, even although he did not have sufficient other property to pay the rest of his debts. This doctrine is too well settled in this State to be now disturbed. *Jordan v. White* 38 Mich. 253.

It follows that the decree dismissing the bill as to James Whittle should be affirmed with costs.

The other Justices concurred.