ADOLPH KROLIK ET AL. V. CHARLES ROOT AND WILLIAM H. STRONG, IMPLEADED WITH CHARLES S. BULKLEY.

[See 58 Mich. 407.]

*Equity—Fraudulent conveyances—Creditors' bill—Lien of complainant—Parties.*

1. Where the answer to a creditors' bill *completely* and *fully* denies the *intent* to defraud charged therein, and the complainants' case rests upon wrong which must be *presumed*, the *circumstances* from which such presumption arises must be *strong* and *irresistible* to allow complainants to recover.[1]

2. On a review of the record in this case,—

*Held*, that the decree dismissing complainants' bill was correct.

*Held*, further, that the complainants, never having obtained a lien upon the property sought to be subjected to the payment of their claim, are not in a situation to attack the *validity* of the mortgage given by the wife of the judgment debtor, who had purchased the property of her husband, to his co-defendants in this suit.

*Held*, further, that conceding that the *first* mortgage to *said* defendants, given by the husband, was void as to creditors for want of being filed, it does not follow that *he* could not make a *valid* sale of the property to his wife, which he did, and *she* gave the lien under which defendants now claim, which she could do without committing any fraud against complainants, it being executed by her pursuant to the terms of the sale to her, and to pay her husband's debts.

*Held*, further, that the fact that defendants held an *unrecorded* mortgage at the time did not give complainants a *lien* upon the goods, and there was nothing to prevent the wife from taking a valid title to the same, discharged from all equities in favor of complainants, which interest she could and did convey to defendants, and the same cannot be litigated in this suit.

Appeal from Wayne. (Jennison, J.) Argued October 12, 1886. Decided November 11, 1886.

[1]See *Bostwick v. Benjamin*, 63 Mich. 289 (head-note 2).

Creditors' bill. Complainants appeal from decree dismissing bill. Affirmed. The facts are stated in the opinion.

*Griffin & Warner*, for complainants:

As to invalidity of mortgage for failure to place on record, see *Kohl v. Lynn*, 34 Mich. 360; *Fearey v. Cummings*, 41 Id. 376; *Talcott v. Crippen*, 52 Id. 633.

*Meddaugh, Driggs & Harmon*, for defendants Root and Strong :

As to construction of How. Stat. § 6193, making unrecorded mortgage void, etc., see *Cooper v. Brock*, 41 Mich. 488. As to necessity of obtaining a lien to enable complainants to attack defendants' mortgage, see *McKibben v. Barton*, 1 Mich. 213; *Stoddard v. McLane*, 56 Id. 11; *Rollins v. Van Baalen*, Id. 610.

SHERWOOD, J. In this case the complainants file a creditor's bill against defendant Bulkley as the original judgment debtor, and Root and Strong as mortgagees of Bulkley, for an accounting concerning certain property which it is claimed they hold by an invalid conveyance as against complainants. The case was heard before Judge Jennison on pleadings and proofs in the Wayne circuit, and a decree was entered dismissing complainants' bill.

Complainants recovered their judgments at law against defendant Bulkley, and issued executions thereon, which were returned unsatisfied, and now file this bill to subject Bulkley's property, which they claim is now in the hands of Root & Co., to the payment of their several debts.

Bulkley was located at Ovid, in the county of Clinton, where he kept a country store, and had been for many years, carrying a stock worth from $6,000 to $7,000, and making his purchases largely in Detroit. He continued to run the business until the month of August, 1883. During this time he became largely indebted to the defendants and others. To secure the defendants, on the seventh day of March,

1883, Bulkley gave to them a chattel mortgage on his stock of goods for the sum of $4,025, which was subject to a chattel mortgage given to DeCamp, Upton & Co. to secure the sum of $1,500.

The mortgage to Charles Root & Co., for $4,025, was not filed until the third day of August, 1883.

Bulkley owed DeCamp, Upton & Co. $2,700, and, in addition to their chattel mortgage of $1,500, they had commenced suit by attachment, and had the same levied upon Bulkley's property, to secure the remaining $1,200 not included in the mortgage, and their liens were both prior to the $4,025 mortgage of Charles Root & Co.

About the first of August, 1883, DeCamp, Upton & Co. took possession of the stock of goods under their mortgage, and also levied their attachment upon said goods, and while the property was in this situation, in the possession of DeCamp, Upton & Co., Charles Root & Co. purchased DeCamp, Upton & Co.'s claims against Bulkley, amounting to the sum of $2,700, for the purpose of protecting their mortgage, and afterwards, on the eighth day of August, 1883, Charles Root & Co. obtained a mortgage of Bulkley for the sum of $6,630.90, the consideration for which was the first mortgage and their lien under the attachment, both amounting to about $2,700, and the indebtedness secured to them by their first mortgage.

Under the first mortgage, Charles Root & Co., at the time of the transfer, took possession from DeCamp, Upton & Co. of the mortgaged property, and held possession of the same until they took the mortgage of August 8, at which time Charles S. Bulkley transferred the stock of goods, subject to the liens of Charles Root & Co. upon it, to his wife, Ella M. Bulkley.

Mrs. Bulkley then took possession of the property in her own right, and thereafter conducted the business.

Mrs. Bulkley had property of her own; and, when she pur-

chased the stock of Mr. Bulkley, she paid him therefor by assuming the payment of the indebtedness of Mr. Bulkley to Charles Root & Co., at the same time giving security therefor on her individual property, and at the time this suit was brought she had, besides the interest thereon, paid upon the principal about $300.

It is charged in the bill of complaint that, during the period from the time Charles Root & Co.'s first mortgage was made and the time of filing the same, the complainants sold and delivered goods upon credit to Mr. Bulkley to a large amount, relying upon his apparent responsibility, as shown by his property in the store and the records of the township where he did business, and that he was still owing them for such goods, when this suit was commenced, the sum of $1,314.16, for which judgments were rendered in their favor in the month of April, 1884, and upon which executions were issued and have been returned unsatisfied.

The complainants claim that they had no knowledge of the mortgage to Charles Root & Co. until it was placed on file, and that they sold their goods to Bulkley upon the faith that the stock was unincumbered, and without knowledge that he was in failing circumstances, and they further aver that Charles Root & Co. purposely withheld their said first mortgage from record for the purpose of concealing the actual financial condition of Bulkley, the maker, and thereby permitting him to maintain a false financial standing before the public and the complainants, whereby they were defrauded in letting him have the goods for the price of which the debts sought to be made arose ; that the defendants Charles Root & Co., after they obtained their second mortgage, did not discharge of record their first mortgage, and complainants claim this was omitted as a cover to enable Bulkley to defraud his creditors; that Charles Root & Co.'s mortgage, given by Mrs. Bulkley upon real estate, covers the store building, and the house and lot occupied by Mrs.

Bulkley and her husband, and it is claimed by complainants that, although the title to the store was in Mrs. Bulkley, it was bought and paid for out of her husband's business, and with money which should have been applied to the payment of his debts, and that the same is now held by her in fraud of his creditors; that she paid no consideration therefor, and that equitably she now holds the same in trust for Mr. Bulkley's creditors.

Complainants further claim that Mrs. Bulkley's ownership of the property is only in the interest of Charles Root & Co., who actually control the property, and hold the same in her name for the purpose of defrauding Mr. Bulkley's creditors, and that the defendants Charles Root and William H. Strong should be held to account therefor, and from the proceeds thereof pay over to the complainants the amount of their debts.

The defendants Root and Strong by their answer admit the making and executing to them of the several mortgages stated in the bill of complaint, and that the first mortgage to them was not filed until the third day of August, 1883; and they deny that any or either of them were obtained or executed to defraud the creditors of Mr. Bulkley, but for the single purpose of securing and collecting their debt; and they further deny that their mortgage was kept off of file to give Bulkley a fictitious financial standing, or that any of them were kept on file or allowed to remain on file as a cover of his property, or to defraud any one; that they never took possession or had control of the property except as it came to them through their purchase of the claims of DeCamp, Upton & Co., and they retained the same only until they received their mortgage dated August 8, 1883.

And the defendants further aver in their answer that the DeCamp, Upton & Co. mortgage, and the mortgage given to defendants in March, were never renewed; and they allege, upon information and belief, that the complainants were

informed, and knew within a few days after the last-mentioned mortgage was given, what it was given for, and how the amount thereof was made up; and they further aver that, when they transferred the stock to Mrs. Bulkley subject to their liens upon it, she took possession thereof in her own right, and not as agent or in any manner representing the defendants; that the defendants never sold or disposed of any of said goods, and have never received anything from the proceeds of the same except from Mrs. Bulkley, as herein-above stated.

The proofs were taken in open court, in the Wayne circuit, before Judge Jennison. Defendants Bulkley and Strong were sworn in the case; and, after examining the proofs, the cir-cuit judge dismissed the complainants' bill.

We have no doubt about the correctness of his decision after a careful examination of the record.

No question is made but that the debts for which the mortgages were given were valid and *bona fide*.

The intent to defraud is completely and fully denied by the defendants; and when that is the case, and the com-plainants' case rests upon wrong which must be presumed, the circumstances from which such presumption arises must be strong and irresistible to allow complainants to recover.

The complainants in this case never obtained a lien upon the property in question, or any part thereof, so far as appears upon this record. They are not in a situation to attack the validity of the defendants' last mortgage without such lien obtained in some manner.[1]  *McKibben v. Barton*, 1 Mich. 213; *Stoddard v. McLane*, 56 Id. 11; *Rollins v. Van Baalen*, Id. 610.

If we were to concede that the first mortgage of defendants was void as against creditors until it was filed, it does not follow that Mr. Bulkley could not make a valid sale of the

---

[1]See *Tarbell v. Millard*, 63 Mich. 250.  See, also, *Reeg v. Burnham*, 55 Mich. 54.

goods. This he did to his wife, and Mrs. Bulkley gave the lien under which the defendants now claim. This she could do without committing any fraud against the complainants. The defendants' holding an unrecorded mortgage did not give the complainants a lien upon the goods, and there was nothing to prevent Mrs. Bulkley from taking a valid title to the property, free and discharged from any equities which the complainants could claim at the time she purchased. She took such a title when she purchased, and could thereafter convey the same to defendants or any other person.

She mortgaged the goods to pay the defendants. The defendants hold the mortgage. It is the interest that Mrs. Bulkley could convey, and not Mr. Bulkley's, that the defendants now have, and that interest cannot be litigated in this suit. It was attempted when the case was in this Court before, but the Court held it could not be done (58 Mich. 407), and it certainly cannot now that Mrs. Bulkley is not a party to the suit.

We think the decree should be affirmed.

The other Justices concurred.