## BENJAMIN WOODEN v. GEORGE W. WOODEN AND JENNIE WOODEN.

*Fraudulent conveyances—Husband and wife—Voluntary deed—Evidence—Payment of taxes by grantor—Recording laws.*

1. It is well settled in this State that a wife has a right to bargain with her husband for any amount due her from him, and may take a deed directly from him in settlement of such claim. *Hyde v. Powell,* 47 Mich. 156; *Bank v. McAllister,* 46 Id. 397; *Allen v. Antisdale,* 38 Id. 229; *Loomis v. Smith,* 37 Id. 595.

2. It was held in *Dull v. Merrill,* 69 Mich. 49, that a wife will not lose her rights as a creditor of her husband by failing to make her claim known, even as against a party who trusted the husband in ignorance of such claim.

3. A voluntary conveyance is not void as to creditors, even though the grantor is indebted at the time, if he retains ample means to pay his debts. *Bank v. Whittle,* 48 Mich. 1.

4. The object of the registry law is to protect bona fide purchasers, and a failure to record a deed will not divest the grantee of his rights except as to a bona fide purchaser or incumbrancer.

5. In a suit to set aside a deed by a husband to his wife as fraudulent as to creditors, the fact that the land was assessed to the husband for several years after the execution of the deed, and while it was unrecorded, can have no weight, it appearing that he attended to his wife's business affairs, and paid the taxes from the products of the land.

Appeal from Kalkaska. (Failass, J.) Argued October 5, 1888. Decided November 1, 1888.

Bill in aid of execution. Defendants appeal. Decree reversed and bill dismissed. The facts are stated in the opinion.

*William D. Totten* (*J. L. Boyd,* of counsel), for complainant.

*Willis B. Perkins,* for defendants.

LONG, J. The bill was filed in this cause in aid of an execution issued out of the circuit court for the county of Kalkaska, upon a judgment rendered therein in favor of the complainant, and against George W. Wooden, the above-named defendant, and to set aside a deed to the S. E. ¼ of section 26, township 28 N., of range 6 W., in said county, made by said defendant George W. Wooden to his wife, Jennie Wooden, on August 4, 1881.

The substantial allegations in the bill are, that in November, 1880, the defendant George W. Wooden was indebted to the complainant in the sum of $152, and on January 27, 1886, a judgment was rendered in the circuit court for Kalkaska county against him, in favor of complainant, for $207 and costs, being said sum of $152, with accrued interest thereon; that on the day said judgment was so rendered a stay of proceedings for 30 days was obtained by defendant, and that on February 23, 1886, and during said stay, a deed from George W. Wooden to his wife, Jennie, to the lands above described, was placed upon record in the office of the register of deeds of said county, and which deed then purported to be made, executed, acknowledged, and delivered to the grantee therein on August 4, 1881; that George W. Wooden in the month of November, 1880, was the owner in fee-simple of said lands, and was also the owner in fee-simple of the S. ½ of the N. E. ¼ of section 26, township 28 N., range 6 W., and of lot 33, block H, of the village of Kalkaska.

It is also alleged in the bill that on February 8, 1886, and during the time of said stay, the defendant George W. Wooden made and executed to himself and wife, as joint tenants, a deed of the property on section 26 and lot 33, in block H; that these conveyances by defendant George W. Wooden were made for the purpose of hindering and delaying and defrauding his creditors.

That on March 1, 1886, complainant caused an execu-

tion to be issued upon said judgment, and placed in the hands of the under-sheriff of said county, and levied the same upon the lands first herein described, and caused notice of such levy to be filed in the office of the register of deeds of said county; that said George W. Wooden has no personal estate from which the amount of said execution could be satisfied, and no real estate except the lands herein first described, and that he neglects and refuses to pay said amount, or any part thereof; and that there is actually and equitably due complainant upon said judgment, for principal and interest and costs, the sum of $247.20 over and above all claims and set-offs.

It is alleged that the pretended sale of said lands to Jennie Wooden is a sham, and made with intent to cheat and defraud complainant out of his said judgment, and that said Jennie Wooden had no money or means to pay for the same, and that said lands during the years 1881 to 1885, inclusive, were assessed to said George W. Wooden; and complainant prays that said deed be set aside, and the sheriff be permitted to make sale of said premises to satisfy his demand.

On the part of the defendants, it is admitted that prior to August 4, 1881, the defendant George W. Wooden was the owner in fee of the lands first described, and that up to and until February 23, 1886, the record title to the S. ½ of the N. E. ¼ of section 26, township 28 N., range 6 W., and lot 33 of block H of the village of Kalkaska, was in the defendant George W. Wooden, and that on August 4, 1881, the defendant George W. Wooden gave the warranty deed to the defendant Jennie Wooden, as alleged, and that the same was duly recorded February 23, 1886; that said lands were assessed to George W. Wooden for the years 1881 to 1885, inclusive, and that on February 8, 1886, George W. Wooden made to himself and

wife, as joint tenants, a deed to the other real estate described, then owned by him.

But defendants insist that the conveyance of 1881, which is the only one in question in this controversy, was not fraudulent, but was made pursuant to a *bona fide* sale, and for a valuable consideration; and also that, at the time the same was given, the defendant George W. Wooden was the owner of personal and real estate more than sufficient to satisfy all his then existing legal indebtedness.

The case was heard before Judge Fallass, of said circuit, and decree entered therein September 30, 1887, setting aside said first-mentioned deed of August 4, 1881, and authorizing the sheriff of said county to proceed to a sale of the premises under said execution. From this decree the defendants appeal.

The testimony was taken in open court. The defendant George W. Wooden is the son of complainant. The whole question in this case hinges upon the good faith of the transaction of August 4, 1881. If the deed of the lands in controversy was made for a valuable consideration, and in good faith, in the payment of an honest and *bona fide* indebtedness, the complainant has no standing in this Court, and the deed must be held valid.

If the fact of George W. Wooden's insolvency is established by the proofs, it can only have a bearing on the question whether or not the deed was given in good faith, and for a valuable consideration. The judgment establishes the fact of the indebtedness of George W. Wooden to complainant, and that indebtedness continued upon such judgment, unless it was canceled by a settlement made between the parties after it was taken in the circuit court.

Some claim is made by defendants that on August 1,

1881, three days prior to the making of the deed, a settlement was made between the parties, and in which settlement George turned out to his father a portion of a stock of goods then held jointly by himself and wife in satisfaction of all claims then held by complainant against him, and which included the claim upon which the judgment was afterwards rendered, and by virtue of which the levy under the execution was made upon the lands in controversy. This is denied by complainant. Suit was afterwards brought upon that claim, and proceeded to judgment. Defendant appeared in that case, and contested it, and the judgment so taken must be held conclusive.

At the time the deed was made, the complainant had and held a valid claim against George W. Wooden, which afterwards was put into judgment against him, and as a judgment creditor the complainant has a right to attack the *bona fides* of the transaction in the giving of the deed of August 4, 1881.

Defendants claim, and testimony was given on the hearing tending to show the fact, that on or about April 6, 1880, the defendant George W. Wooden and his father-in-law, Albert T. Kellogg, purchased jointly a stock of groceries of Mr. Tyler, of Kalkaska, paying therefor the sum of $750, George contributing $350, and Kellogg, $400; and that immediately after the purchase Kellogg gave to his daughter, Jennie Wooden, defendant, his interest in said stock and business. Kellogg soon after purchased, and put into said business, several articles used in connection with the business, valued at $100, and also gave these to his daughter. George W. Wooden and Jennie, his wife, continued in this business together— though carried on in the name of George W.—up to August 4, 1881, when Jennie sold to her husband her entire interest in the stock and business of the concern,

which interest was valued at the sum of $715; in consideration of which, George W. Wooden deeded her the real estate first herein described, being the property upon which the levy was made under the execution. It is this deed which was set aside by the court below.

The complainant on his cross-examination, when his attention was called to this transaction, stated that he did not know anything about it, and did not know whether Mr. Kellogg gave his daughter the stock of groceries, and did not know whether or not it was turned out to his son, as testified by him and his wife. There is no proof in the case showing, or tending to show, that the transaction was not as claimed by defendants. The real estate deeded was valued at $800, and no claim is made that it exceeded that amount in value or that these goods were not worth the amount at which they were turned out.

It is well settled in this State that a wife has a right to bargain with her husband for any amount that may be due her from him, and may take a deed directly from him in settlement of such claim. *Hyde v. Powell,* 47 Mich. 156 (10 N. W. Rep. 181); *Bank v. McAllister,* 46 Id. 397 (9 N. W. Rep. 446); *Allen v. Antisdale,* 38 Id. 229; *Loomis v. Smith,* 37 Id. 595.

This same question was before this Court in the recent case of *Dull v. Merrill,* 69 Mich. 49 (36 N. W. Rep. 677). The bill in that case was filed by Mrs. Dull to set aside certain levies made by defendant upon real estate which had been deeded her by her husband. In that case it was said:

"Complainant could not lose her rights as a creditor of her husband by failing to make her claim known, even as against defendant, who trusted him in ignorance of it."

It is contended by complainant's counsel that the fact

appearing that the deed was not placed upon record till after the judgment was obtained, and during the stay allowed by the court, taken in connection with the fact that the land deeded, for the years 1881 to 1885, inclusive, was assessed to George W., was some evidence of fraud; and when coupled with the fact, which complainant claimed to have proved, that defendant George W. Wooden was insolvent at the time of the execution of the deed, it is conclusive of a fraudulent intent. We are not satisfied, however, that the evidence shows that George W. Wooden was insolvent at the time of the execution of this deed. He was the owner of this land, valued at $800, and in addition had then the other lands subsequently conveyed, valued at $800; another house and lot and building materials, valued at $625; the stock in the store, and credits, valued at $1,500,—making some $3,725 worth of property possessed by him, while his indebtedness is only shown to be at that time something like $1,600.

It is well settled that even where a voluntary conveyance is made by a person who may be indebted at the time, but who is neither embarrassed nor insolvent, and who retains ample means to pay his debts, it is not void against existing creditors. *Bank v. Whittle*, 48 Mich 1 (11 N. W. Rep. 756). The fact that the deed was not sooner recorded would not make it fraudulent. The object of the registry laws is to protect *bona fide* purchasers, and the fact that it was not recorded would not · divest the grantee of her rights, except as to a *bona fide* purchaser or incumbrancer.

That the property was assessed during these years to the husband can have no weight. It appears that he attended to his wife's business affairs, and that the taxes were paid from the products of the land. There is noth-

ing in the case showing that the deed in question was not valid when given. It was founded on a sufficient consideration, actually paid to George W. Wooden. Jennie Wooden paid nearly, if not quite, its full value, in property, which her husband took in exchange for these lands, and, even if this conveyance might hinder and delay or entirely defeat creditors in the collection of their debts, it could in no manner render such conveyance void. The fact that George W. Wooden made a conveyance of these other lands to himself and wife in 1886, jointly, can have no bearing upon the *bona fides* of the transaction in August, 1881. The deed was valid then, and must be held valid now.

The whole controversy is an unfortunate one. It is between these defendants and their father, an old man upwards of 72 years of age. His claim under his judgment seems to be fully established, and no part of it paid. His claim appeals strongly to a court of equity, and relief would be granted against George W. Wooden if the same could be given without interference with the vested rights of Jennie Wooden in these lands. The bill is filed in aid of execution, and not as a judgment creditors' bill to reach choses in action in the hands of third parties.

The decree of the court below must be set aside, and a decree entered here dismissing complainant's bill, with costs of both courts.

The other Justices concurred.