GUSTAV FETTERS v. FREDERICK W. DUVERNOIS AND FREDERICKA DUVERNOIS.

*Fraudulent conveyances—Deed from husband to wife.*

In this case a deed executed by a husband to his wife when the grantor was dangerously ill, and which on its face was but the quitclaim of a future interest, to which it has not yet attached in possession, and which was by the understanding of both parties kept from record until the grantor's insolvency became not only public, but pressing, is held void, not only as a voluntary deed, and therefore legally fraudulent against creditors when made, but because of its treatment by both parties since, whereby creditors had no warning of its character, and were not intended to have any.

Appeal from Wayne.    (Speed, J.)    Argued January 17, 1889.    Decided January 25, 1889.

Bill in aid of execution.    Complainant appeals from decree dismissing bill.    Reversed, and decree entered as prayed.    The facts are stated in the opinion.

*Harry F. Chipman* (*William Look* and *D. C. Holbrook*, of counsel), for complainant.

*George Gartner* (*Walter Barlow*, of counsel), for defendants.

73 MICH 31.

CAMPBELL, J. The bill in this cause was filed in aid of legal proceedings to set aside an. alleged conveyance from Frederick W. Duvernois, one of the defendants, to the other defendant, who is his wife, and claimed to be in fraud of creditors. Plaintiff's dealings are shown to have begun some years before this deed is dated, which was January 21, 1875. It was not recorded till October, 1884, nearly 10 years thereafter, when Duvernois was heavily insolvent, and his creditors were pursuing him. The deed was a quitclaim deed, and reserved the use of the land during the grantor's life. Plaintiff's judgment was rendered on an attachment proceeding begun just after the deed was recorded.

There is no doubt of the fact that the deed was voluntary, and made when Duvernois owed plaintiff, and probably others; as one debt of $3,000 is shown to have been secured by mortgage on the same land, and there is some reason to think there were further complications. But we do not think any actual fraud was designed, and place no stress on this. The grantor was dangerously ill, and it is quite clear that the deed was intended to operate in place of a will, and not to be used in case of his recovery. It is not at all clear to us that it was ever delivered at all, in the proper sense of the term. It was on its face but the quitclaim of a future interest, to which it has not yet attached in possession, and by the understanding of both parties it was kept from record until the. grantor's insolvency became not only public, but pressing. Without discussing this question, we think it was void as against plaintiff, not only as a voluntary deed, and therefore legally fraudulent against creditors when made, but because of its treatment by both the parties since, whereby creditors had no warning of its character, and were not intended to have any.

The theory of the answer, that the deed was intended from its date to create a homestead for Mrs. Duvernois, is in conflict with its terms. No claim is set up of a homestead for the husband as against his creditors. The property is worth, according to their testimony, very much more than a homestead exemption, and there is nothing to show that it is devisable so as to make one. The testimony is all the other way.

It will be sufficient upon this record to enter a decree reversing the decree below, and setting the deed in question aside as fraudulent and void as against the rights of the complainant under his levy, and authorizing him to proceed in disregard of it. This will leave all questions open as to other parties, if any, who are interested under other claims.

The decree below dismissing the bill, with costs, is reversed, and complainant will have a decree setting aside the deed as against him, with costs of both courts.

The other Justices concurred.