109 181
112 216
112 439
109 181
118 56
109 181
126 467
109 181
140 164

MICHIGAN TRUST CO. *v.* ADAMS.

FRAUDULENT CONVEYANCES—UNRECORDED DEED.

An allegation that a warranty deed was executed and delivered to the grantor's wife with an intent to defraud his creditors is not sustained by evidence merely that the deed was withheld from record for a number of years, and that the grantor continued to collect the rents for the property conveyed, where it appears that the grantor had at the time other property amply sufficient to pay his debts, and where it further appears that the deed to the land in controversy was withheld from record through inadvertence, and that the grantor accounted to the grantee for all rents by him collected. *Fetters* v. *Duvernois*, 73 Mich. 481, distinguished.

Appeal from Kent; Adsit, J.  Submitted April 8, 1896.  Decided April 28, 1896.

Bill by the Michigan Trust Company, administrator of the estate of Elisha M. Adams, deceased, against Edward M. Adams, to set aside a deed alleged to have been made in fraud of creditors.  From a decree for complainant, defendant appeals.  Reversed.

*More & Wilson*, for complainant.

*Taggart, Wolcott & Ganson*, for defendant.

HOOKER, J.  In 1871 Elisha M. Adams united with Francis D. Boardman in the execution of a bond to secure payment to the Michigan Asylum for the Insane, at Kalamazoo, for care and maintenance to be afforded to one George P. Boardman, an insane patient, and son of Francis D. Boardman.  Both Francis D. Boardman and Adams were possessed of considerable property.  In 1875 Adams conveyed the premises in controversy to his wife, who neglected to have her deed recorded until

after his death, which occurred in 1884. Subsequently the land in controversy was conveyed to the defendant, her son, through several voluntary conveyances. Adams is claimed to have been insolvent at the time of his death, in 1884. Boardman died in 1882. In 1893 the treasurer of the asylum caused the appointment of the complainant as administrator of the estate of Adams, and filed a claim in probate court for services rendered in the care and maintenance of George P. Boardman before Adams' death, upon the allowance of which the bill in this case was filed, attacking defendant's title, and seeking to have the property applied upon the claim, and the circuit court granted the relief prayed.

In our opinion, the testimony shows an absence of fraudulent design, when the deed was made, notwithstanding the failure to record the deed. It appears that Adams had ample property with which to pay his debts, and a gift, under such circumstances, will not be set aside, in the absence of evidence of a fraudulent intent. We think the case should not be ruled by that of *Fetters* v. *Duvernois*, 73 Mich. 481, upon which counsel for complainant rely. It is radically different, in essential features. In that case the conveyance was a quitclaim deed, which the parties intended to operate as a will, which was probably never delivered, and, upon its face, was but the quitclaim of a future interest. It was voluntary, and not to be used in case of the grantor's recovery. In this case the instrument was a warranty deed of a present interest. Its execution was accompanied by delivery, and it was withheld from record through inadvertence. It does not appear that the possession was retained by the grantor to the exclusion of his wife, and, although he collected rents, he is shown to have accounted to her for them. The following cases cited by counsel seem to us to cover the points involved: *Cutter* v. *Griswold*, Walk. Ch. 437 (see cases cited in note to annotated edition); *Page* v. *Kendrick*, 10 Mich. 300; *Gale* v. *Gould*, 40 Mich. 515; *Fraser* v. *Passage*,

63 Mich. 556; *Wooden* v. *Wooden,* 72 Mich. 353; *Hinde's Lessee* v. *Longworth,* 11 Wheat. 199, 210; *Lloyd* v. *Fulton,* 91 U. S. 479; *Ware* v. *Purdy,* (Iowa) 60 N. W. 526.

The decree is reversed, and bill dismissed, with costs of both courts.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.