### GRUNER *v.* BROOKS.

FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—SOLVENCY OF GRANTOR.

Evidence reviewed, and *held* not to show that, at the time of a voluntary conveyance by a debtor to his wife, he retained sufficient property to satisfy the claims of his creditors.

125 MICH.—30.

126   465
128   517

126   465
s85ᴺᵂ1085

126   465
s85ᴺᵂ1085
133   75

Appeal from Ogemaw; Sharpe, J.   Submitted January 9, 1901.   Decided May 7, 1901.

Bill by Leonhard Gruner and Caroline P. Ellis, executors of the last will and testament of Joseph J. Ellis, deceased, against Hiram Brooks and Sarah Brooks, in aid of execution. From a decree for complainants, defendants appeal. Affirmed.

. *Ross & Harris*, for complainants.

*Merrie H. Abbott* and *Charles S. Abbott*, for defendants.

MONTGOMERY, C. J.   This is a bill filed in aid of an execution issued on a deficiency decree. From a decree in favor of complainants, defendants appeal.

The facts are not complicated. In August, 1896, complainants filed a bill to foreclose a mortgage on the N. W. $\frac{1}{4}$ of section 19, town 24 N., range 3 E., known in these proceedings as the "Stottle Farm." Defendant Hiram Brooks testified as to his purposes at this time as follows:

"I presume there was some talk of foreclosing the mortgage. I talked with French several times. I was paying 10 per cent. interest on that mortgage, and I paid 10 per cent. interest on that mortgage for 10 or 12 years.
"*Q.* And you got about tired of it?
"*A.* Yes, I got tired of it. You bet your life I got tired of it. I paid 10 per cent. interest on that mortgage, and I tried to get French to come down on the interest, and I couldn't make anything of it; he wouldn't. If he had come down to 8 per cent. interest, I would have paid the interest, and probably I would have been paying the interest yet. But when I had to pay 10 per cent. interest, I couldn't stand it, and I finally told him that I wouldn't pay any more interest."

At this date defendant Hiram Brooks owned 160 acres, upon which he lived. One 40 constituted his homestead. Another 40 is shown by the testimony to have been worth $100 to $150, and was, on the 16th of January, 1897, mortgaged to Tolfree, Livingstone & Co. for $350. The

remaining 80 is the subject of this suit, and was transferred to defendant Sarah Brooks on the 18th of December, 1896, admittedly without consideration. The foreclosure case proceeded to a decree and sale, and a deficiency decree was entered on the 3d of April, 1897, for $494.01. This showing on the part of complainants made a *prima facie* case under Act No. 99, Pub. Acts 1897.

Defendants offered the testimony of the two defendants, and contend that such testimony shows that at the date of the transfer, December 18, 1896, Hiram Brooks was the owner of ample property to cover his indebtedness, and that the complainants were his only creditors. There can be no doubt that, if the record establishes these facts, the transfer to Mrs. Brooks, though without consideration, is valid. *Wooden* v. *Wooden*, 72 Mich. 353 (40 N. W. 460); *Michigan Trust Co.* v. *Adams*, 109 Mich. 182 (66 N. W. 1094). We do not, however, find that defendants' contention is supported by the record. In 1898 an execution was placed in the hands of an officer, and he found nothing to levy upon. All the real estate, except the homestead, was the 40, worth but $100 to $150, and that was incumbered for more than its value. If Hiram had property sufficient to satisfy his indebtedness when the transfer was made, it is not shown what had become of it. It is true, he testifies that, when this deed was made, he owned 15 head of young cattle, 5 cows, 2 teams of horses, and 1 odd horse; but on cross-examination he testified: "The personal property that I had at this time might have been mortgaged, but I don't remember whether it was mortgaged at that date or not. It is my best recollection that it was not." This does not show very clearly that this property was subject to levy. Much less does it show that complainants were his only creditors.

The decree of the circuit judge was fully warranted, and is affirmed, with costs.

The other Justices concurred.