## WILCOX *v.* HAMMOND.

FRAUDULENT CONVEYANCES—BILLS IN AID OF EXECUTION—BURDEN
OF PROOF.

Under 3 Comp. Laws, § 10203, casting upon the defendants in
bills in aid of execution the burden of proving the *bona fides*
of the transaction, a voluntary conveyance by a debtor can
be sustained only by showing that he had sufficient property
remaining in his hands to satisfy the claims of his creditors.

Appeal from Washtenaw; Kinne, J. Submitted October 9, 1901. Decided October 22, 1901.

Creditor's bill, and bill in aid of execution, by Alfred F. Wilcox, trustee, against George H. Hammond and Belle F. Hammond. From a decree dismissing the bill, complainant appeals. Reversed.

*A. F. Wilcox* (*Fred A. Baker*, of counsel), for complainant.

*Elliott G. Stevenson* (*Fred H. Warren*, of counsel), for defendants.

MONTGOMERY, C. J. This is a bill filed with a double aspect. It is a judgment creditor's bill, and also seeks to reach property conveyed by the defendant George H. Hammond to his wife, Belle F. Hammond, without consideration, and which is alleged to have had the effect to defraud creditors. The evidence shows a judgment, issue of execution, return *nulla bona*, the issue of a second execution, and a levy upon the property, which consists of a stock farm in the county of Washtenaw. It is conceded by the defendants that the conveyance from George H. Hammond to his wife was without consideration, and a mere gift. This conveyance was made on the 31st of October, 1893. The indebtedness upon which the judg-

ment was rendered was incurred on June 30, 1893, and due in one year from date. The judgment was obtained on November 21, 1894, and execution was promptly issued, and was returned unsatisfied on the 30th of January, 1895.

The learned circuit judge was of the opinion that the evidence shows that George H. Hammond, at the time of the conveyance to his wife, had abundant property to satisfy his creditors. We do not so read the record. It is true, it appears that there stood in the name of George H. Hammond a considerable amount of property, but the testimony shows that this was trust property as to all but a one-eighth share in it, and that George H. Hammond had disposed of a large portion of the property originally held in trust, and was under obligation to account to his *cestuis que trustent* for the proceeds. It also shows that, at a somewhat later date, he was indebted to the estate of his deceased father in the sum of about $50,000.

Under the statute (3 Comp. Laws, § 10203) the burden of proof was cast upon the defendant to show that the transaction of deeding this valuable property to his wife without consideration was in all respects *bona fide*, and this duty he could only perform by showing that, at the time of the transfer, he had sufficient property remaining in his hands to pay his indebtedness. Mr. Hammond did not himself take the stand, and the record is barren of testimony as to the extent of his indebtedness. We think he has not sustained the burden which the statute casts upon him. See *Gruner* v. *Brooks,* 126 Mich. 465 (85 N. W. 1085).

The decree of the court below will be reversed, and a decree entered in this court setting aside the conveyance of the stock farm as to complainant, and providing for a receiver to take charge of the estate of George H. Hammond.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, J., did not sit.