GARDNER v. MASON. [1]

EXECUTION—UNRECORDED DEED—PRIORITY.

A notice of the levy of an execution upon real estate, filed in pursuance of 3 Comp. Laws, § 9224, entitles the purchaser at the sale to priority over a *bona fide* grantee whose deed was executed before the notice of levy was filed, but not recorded until afterwards, and of whose claim the owner of the execution had no notice. [2]

Appeal from Muskegon; Russell, J. Submitted December 11, 1901. (Docket No. 172.) Decided April 25, 1902.

Bill by Sarah H. Gardner against Michael Mason and Gustav H. Neumeister to set aside an execution sale. From a decree dismissing the bill, complainant appeals. Affirmed.

*Turner & Turner*, for complainant.

*F. W. Cook*, for defendants.

LONG, J. This bill is filed to set aside a certain levy made by the sheriff, and a sale thereunder of certain premises claimed to be owned by the complainant. On the hearing below, complainant's bill was dismissed. Complainant has appealed.

---

[1] Rehearing denied June 17, 1902.

[2] See *Campbell* v. *Keys*, *ante*, 127 (89 N. W. 720).

It appears that on the 26th day of March, 1900, defendant Mason, in a suit brought in justice's court, obtained a judgment of $110 damages and $3.80 costs of suit against James E. Gardner, complainant's husband; that, on the 10th day of April, Mason took a transcript, filed the same with the clerk of Muskegon county, and had the same docketed as a judgment in the circuit court. On the same day he caused an execution to be issued on such judgment, and gave the same into the custody of the sheriff of the county, defendant Neumeister, who, on the 11th of April, levied the execution upon the premises in question.

It appears that these premises have been for some time in the possession and occupancy of James E. Gardner and his wife. They resided upon them, and Gardner was in fact the owner of them, living there with his wife and family, until June 15, 1899, when he conveyed the property to his wife by deed of warranty. It is admitted that this deed was not recorded in the office of the register of deeds of that county until May 16, 1900,—a little more than one month after the sheriff's levy now sought to be set aside. After this deed had been executed, Gardner and his wife still continued to reside upon the premises, and apparently there was no change in the manner in which they occupied them, and there was nothing to indicate that there had been a change of title from the husband to the wife.

It is not contended but that this deed was given in good faith by Gardner to his wife, but the claim is made by the defendant that, his levy having been duly made and recorded prior to the time of recording the deed, it had precedence of the deed, as he had no notice or knowledge of it at the time the levy was made under the execution and duly recorded. It is claimed by complainant and her husband that defendant Mason was informed, before this judgment was obtained in justice's court, that Mrs. Gardner owned the premises. This was denied by defendant Mason. The court below took the view, under the testimony, that defendant Mason had no notice or knowledge of this deed at the time this execution was levied.

It is provided by section 9224, 3 Comp. Laws, that:

"No levy by execution on real estate, made after this act shall take effect, shall be valid against *bona fide* conveyances made subsequent to such levy, until a notice thereof, containing the names of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the same in the office of the register of deeds of the county where the premises are situated; and such levy shall be a lien thereon from the time when such notice shall be so deposited; and the lien thus obtained shall, from the filing of such notice, be valid against all prior grantees and [mortgagees] mortgages of whose claims the party interested shall not have actual nor constructive notice."

It is shown that the defendants complied with all the provisions of this statute; and we think the court very properly held the levy good, and dismissed complainant's bill.

Counsel for complainant cite the case of *Wooden* v. *Wooden*, 72 Mich. 347 (40 N. W. 460), and claim that this case supports their contention; that, the complainant being a *bona fide* purchaser before the date of the levy and recording of the execution, the complainant is entitled to have the levy set aside. That case, however, was based upon the statute of 1875 (Act No. 5, Pub. Acts 1875), which did not provide for making these levies prior claims over unrecorded conveyances. This act was amended in 1889 (Act No. 227, Pub. Acts 1889, being section 9224, 3 Comp. Laws), adding to it this provision:

"And the lien thus obtained shall, from the filing of such notice, be valid against all prior grantees and [mortgagees] mortgages of whose claims the party interested shall not have actual nor constructive notice."

The decree of the court below must be affirmed, with costs.

The other Justices concurred.