HUOT *v.* REEDER BROTHERS SHOE CO.

1. ESTOPPEL — HUSBAND AND WIFE — CREDITORS — WIFE'S PROP-
ERTY.

Where a husband and wife united in conveying her land as
security for a loan on the agreement, which neither of them
understood, that on payment the reconveyance should be to
the husband, which was done, the wife is not estopped to
claim the land, as against a subsequent creditor of the hus-
band, she having done nothing to mislead the creditor.

2. PRINCIPAL AND AGENT — KNOWLEDGE OF AGENT — NOTICE TO
PRINCIPAL — ACTS AGAINST PRINCIPAL'S INTEREST.

If the husband understood that he was taking the title, and its
legal effect, his knowledge was not chargeable to his wife,
since he was acting in his own interest and adversely to her.

Appeal from Alpena; Emerick, J.  Submitted April 6,
1905.  (Docket No. 23.)  Decided May 12, 1905.

Bill by Joseph Huot and Melvina Huot against the
Reeder Brothers Shoe Company, Ferdinand Huot, and
John Willis to set aside an execution levy and to reform a
deed.  From a decree for complainants, defendant shoe
company appeals.  Affirmed.

*Collins & D'Aigle*, for complainants.

*Joseph H. Cobb* (*Peter Doran*, of counsel), for appel-
lant.

CARPENTER, J.  Complainants, as grantees of Delphine
Huot, claim to be the equitable owners of lot No. 5, block
2, of Carter's Addition to the city of Alpena.  The legal
title to this lot stands in the name of defendant Ferdinand
Huot, the husband of Delphine and the father of com-
plainant Joseph.  Appellant claims a lien on said lot as an
execution creditor of said defendant Ferdinand.  Com-

plainants brought this suit to clear up the title to said lot, and to procure a conveyance from said Ferdinand. They obtained a decree in the court below. Defendant appellant, the Reeder Bros. Shoe Company, appeals to this court.

The facts are as follows: Prior to October 19, 1888, defendant Ferdinand owned the lot in controversy. On that day he conveyed it to his wife, Delphine, and this conveyance was immediately recorded. At this time defendant Ferdinand was not indebted, and his wife therefore became invested with the complete ownership of the lot. July 29, 1890, for the purpose of procuring a loan of $300, Ferdinand and Delphine united in a deed conveying this lot to John Donovan. At that time a contract was entered into, and signed by Donovan and defendant Ferdinand by which the lot was to be reconveyed, not to Delphine, the real owner, but to Ferdinand. Delphine was entirely ignorant of this contract, and defendant Ferdinand (who could not read the English language), if he knew its import, did not know its legal effect. For the purpose of paying Donovan, said Ferdinand and Delphine, on the 28th of November, 1892, executed a second mortgage upon this property. Donovan was paid, and he executed on the same day a quitclaim deed transferring the property. By mistake, and contrary to the intention of both Ferdinand and Delphine, the grantee named in this deed, which was speedily recorded, was Ferdinand instead of Delphine. Delphine was ignorant of this mistake, and supposed until shortly before the commencement of this suit that she held the record title. February 20, 1901, said Delphine conveyed the same to complainant Melvina, who, with her husband and co-complainant, Joseph, were then in possession of said lot, under an oral contract of purchase. While the title of this lot stood in his name, Ferdinand contracted the indebtedness for which appellant subsequently recovered the judgment before mentioned. Appellant contends that it entered into this contract believing that said Ferdinand actually owned said property. Our

foregoing finding of facts, which accords with the finding of the lower court, disposes of some of the grounds upon which we are asked to reverse the decree appealed from. We proceed to a consideration of the other grounds upon which we are asked to reverse said decree.

It is said that as appellant trusted Ferdinand, believing the land to be his, Delphine is now estopped from claiming it to be hers. To justify this claim of estoppel, it is not enough for appellant to prove that it was misled or deceived.

" To entitle a party to insist upon an estoppel, he must be able to show that the other party has done something or represented something which has had the effect to deceive and mislead him, and which would render it inequitable for the right of such other party to be now enforced against him." *Crane* v. *Reeder*, 25 Mich., at p. 321.

Neither Delphine nor her grantee either did or said anything to mislead appellant, and were in no manner responsible for the conditions of affairs which did mislead it. The doctrine of estoppel has, therefore, no application. *Michigan Trust Co.* v. *Adams*, 109 Mich. 181.

It is urged that, as defendant Ferdinand acted as Delphine's agent in making the loans in question, she is chargeable with his knowledge that he took the title to the land in his own name. It is seriously contended that, because Ferdinand had knowledge of the wrong he had done his wife in taking this title in his own name (and it is by no means certain that he had this knowledge), she knew it, and, because she did not take steps to regain her property, she must be held to have approved his conduct. This is a novel and startling application of the doctrine that knowledge of the agent will be imputed to the principal—an application which would be attended with disastrous consequences to those whose property might be embezzled or wrongfully appropriated by unscrupulous agents. It is sufficient to say that it is not the law. If Ferdinand was in any sense Delphine's agent, he was acting, not for his principal, but against his principal and for himself,

when he took the title to the land in his own name. The doctrine which imputes to a principal the knowledge possessed by his agent does not apply "where the agent, though nominally acting as such, is in reality acting in his own or another's interest, and adversely to that of his principal." Mechem on Agency, § 723. See, also, *Brown* v. *Harris,* 139 Mich. 372.

We think that complainant was entitled to relief, and therefore the decree appealed from is affirmed, with costs.

McALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.