## JOBERT v. WAGNER.

1. FRAUD—PRESUMPTION—BURDEN OF PROOF.
    Fraud cannot be presumed, but must be proved, and the burden of proof is upon the one who alleges it.

2. MORTGAGES— FORECLOSURE — SETTING ASIDE — FRAUD — EVIDENCE.
    On a bill to restore property sold under statutory foreclosure of a mortgage, evidence examined, and *held*, insufficient to show that complainant's intestate did not make the mortgage, or that he paid the debt it secured.

Appeal from Wayne; Frazer, J. Submitted January 25, 1907. (Docket No. 115.) Decided March 5, 1907.

Bill by Anna Jobert, administratrix of the estate of Karl Toelle, deceased, against John Wagner and Edward Radtke to set aside a mortgage foreclosure, and for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*Galloway & Graham*, for complainant.

*Brennan, Donnelly & Van De Mark*, for defendant Wagner.

MOORE, J. August 26, 1884, a mortgage sale was made of certain real estate in the city of Detroit to the defendant John Wagner. The foreclosure was by newspaper advertisement, and its regularity is not questioned. The mortgage foreclosed purported to have been made by Karl Toelle and his wife. It bore date September 21, 1877, and was recorded the next day. The defendant Edward Radtke is the tenant of defendant John Wagner. The complainant is the daughter of Karl Toelle. She commenced this proceeding, claiming (1) that her father never executed the mortgage, and neither he nor

his heirs knew anything of it till discovered by complainant some few months before commencing her suit; (2) that the mortgagee, as discovered, had been repaid the money loaned by her on such mortgage before the foreclosure thereof; and (3) that minors (as two of deceased's heirs were) cannot be divested of their interest in real estate through a statutory foreclosure. The prayer for relief is for a restoration of the property and an accounting with defendant Wagner of the rents and profits of the property. The defendants answered. The case was heard in open court. A decree was rendered dismissing the bill of complaint. The case is brought here by appeal.

A number of interesting questions are discussed by counsel, which we think it will be unnecessary for us to discuss. It is elementary that fraud cannot be presumed, but must be proved, and the burden of proof is upon the one who alleges it. See *Miller* v. *Finley*, 26 Mich. 249; *Robert* v. *Morrin*, 27 Mich. 306; *Loomis* v. *Smith*, 37 Mich. 595; *State Bank of Fenton* v. *Whittle*, 48 Mich. 1; *Brown* v. *Dean*, 52 Mich. 267; *Krolik* v. *Root*, 63 Mich. 562; *Bly* v. *Brady*, 113 Mich. 176, and the many cases there cited. A careful reading of the record does not satisfy us that Mr. Toelle did not make the mortgage which was foreclosed, nor does it satisfy us the mortgage was afterwards paid. The mortgage foreclosure was regular. 3 Comp. Laws, § 11133 et seq.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.