MAHLON ARTMAN AND MANASSES TREICHLER V. PETER
FERGUSON AND MARGARET W. FERGUSON.

*Partnership—Husband and wife.*

A husband and wife cannot enter into a contract of partnership
between themselves, and thus render themselves jointly liable
for the contracts of the firm thus (sought to be) established.

Error to Jackson. (Lane, J., presiding.) Submitted on
. briefs October 30, 1888. Decided November 28, 1888.

*Assumpsit.* Plaintiffs bring error. Affirmed. The
facts are stated in the opinion.

*Thomas A. Wilson,* for appellants, contended:

1. The disability to become partners, if any exists, is that of the
wife, and not the, husband; therefore if the statute is broad
enough, under the construction of this Court in numerous
cases, to confer this power upon her, no question can be made
as to their power to enter into the copartnership relation.

2. The test of a wife's non-competency to contract is, does the
contract, or does it not, deal with her individual estate; citing
*Russel v. Savings Bank,* 39 Mich. 674.

3. That a wife having separate estate may be a copartner with a
person other than her husband is generally, if not universally,
held under the married woman's statutes in the different states;
citing *Silveus v. Porter,* 74 Penn. St. 448; *Dupuy v. Sheak,* 57
Iowa, 361; *Newman v. Morris,* 52 Miss. 402; *Abbott v. Jackson,*
43 Ark, 212; *Plumer v. Lord,* 5 Allen, 460; *Edwards v. Thomas,*
66 Mo. 481; and this Court has held that she may make gifts
and transfers of property to her husband the same as to any
other person; citing *Jenne v. Marble,* 37 Mich. 322; *Wales v.
Newbould,* 9 Id. 45; *Pennimen v. Perce,* Id. 509, 524; *White v.
Zane,* 10 Id. 333; and she may contract with her husband in
relation to her sole property when no consideration of public
policy precludes it; citing *Randall v. Randall,* 37 Mich. 563,
and she may employ her husband as her agent to carry on her
business for her, and will, when conducted entirely by him,

be bound by his conduct, and statements in relation thereto, and notice to him will be notice to her; citing *Rankin v. West*, 25 Mich. 200; *Leland v. Collver*, 34 Id. 418, 427; *Carew v. Matthews*, 49 Id. 302.

4. If the relation of copartners technically cannot exist between husband and wife, this Court has recognized their right to have a joint or common interest in property; citing *Lazenby v. Omo*, 50 Mich. 52; *Hyde v. Powell*, 47 Id. 156.

5. A wife has the same rights as other persons to make contracts for the purchase or sale of property; citing *Bissell v. Taylor*, 41 Mich. 705; *Tillman v. Shackelton*, 15 Id. 447.

*Richard Price* (*Austin Blair*, of counsel), for defendants.

[The points and authorities of counsel are stated in the opinion.—REPORTER.]

LONG, J. This action is brought in the circuit court for the county of Jackson, on the common counts in *assumpsit*, to recover for goods sold and delivered to the defendants, doing business at Jackson as Peter Ferguson & Co.

The defendants are husband and wife, and the plaintiffs sought to show that, after their marriage, they formed a copartnership, and carried on the retail carpet business in the city of Jackson under the firm name of Peter Ferguson & Co., and that during such time the goods involved in this suit were sold to them; that Margaret W. Ferguson was, at the time of the formation of such copartnership, possessed of property in her own right, of the value of $20,000, and furnished the entire capital for the business, and provided a place to carry on such business; that Peter Ferguson had no means, and was to, and did, manage the business; that the copartnership continued until after the last item of goods mentioned in the bill of particulars was sold.

This evidence was objected to by defendants' counsel,

on the ground that it was not competent for husband and wife to enter into a copartnership with each other. The circuit court sustained the objection, and directed a verdict for defendants. Plaintiffs bring the case to this Court by writ of error.

The only question arising is whether the husband and wife can enter into a contract of partnership between themselves, and thus render themselves jointly liable for the contracts of the firm thus established.

At the common law married women were incapable of forming a partnership, since they were disabled, generally, to contract or to engage in trade; and the husband and wife were wholly incapacitated to contract with each other. Whatever rights or powers the husband and wife have to contract with each other, or that the wife may have to enter into a copartnership to carry on trade or business, must be conferred by our Constitution and statutes. There was never any impediment to the acquisition of property through purchase by a married woman. The difficulty was that at the common law the ownership passed immediately to the husband by virtue of the marriage relation.

Our statute has not removed all the common-law disabilities of married women. It has not conferred upon her the powers of a *femme-sole*, except in certain directions. It has only provided that her real and personal estate acquired before marriage, and all property, real and personal, to which she may afterwards become entitled in any manner, shall be and remain her estate, and shall not be liable for the debts, obligations, and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised, and bequeathed by her as if she were unmarried; and she may sue and be sued in relation to her sole property as if she were unmarried. How. Stat. §§ 6295-6297. In all other respects she is a

*femme-covert*, and subject to all the restraints and disabilities consequent upon that relation.

A partnership is a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. That a married woman may, when she has separate estate, be a copartner with a person other than her husband, is held in many states under the married woman's statutes. But where the statute gives her no power, or only a limited power, to become a partner, the rule of the common law prevails, and she cannot enter a firm. It has been held by a great preponderance of authorities, even under the broadest statutes, that a married woman has no capacity to contract a partnership with her husband, or, in other words, to become a member of a firm in which her husband is a partner, even in those states in which she may embark in another partnership; and though she holds herself out as such partner, and her means give credit to the firm, she is held not liable for the debts, as she cannot, by acts or declarations, remove her own disabilities. *Lord v. Parker*, 3 Allen, 127; *Bowker v. Bradford*, 140 Mass. 521 (5 N. E. Rep. 480); *Haas v. Shaw*, 91 Ind. 384; *Payne v. Thompson*, 44 Ohio St. 192; *Kaufman v. Schoeffel*, 37 Hun. 140; *Cox v. Miller*, 54 Tex. 16; *Mayer v. Soyster*, 30 Md. 402.

In this State a married woman was subject to the common-law disabilities of coverture until the passage of the married woman's act of 1855. How. Stat. §§ 6295–6299. This act does not touch a wife's interests in her husband's property, and these remain under the restrictions of the common law, unless they are removed by some other statute. The wife's common-law disabilities are only partially removed by the act, and one who relies on a wife's

contract must show the facts, in order that it may appear whether she had capacity to make it. *Edwards v. McEnhill*, 51 Mich. 160 (16 N. W. Rep. 322). Under our statutes a wife has no power to contract except in regard to her separate property. The Constitution and statutes are clear against her right to make a mere personal obligation unconnected with property, and not charging it, so that she cannot become personally bound jointly with her husband, nor as a surety, by mere personal promise. *De Vries v. Conklin*, 22 Mich. 255; *West v. Laraway*, 28 Id. 464; *Emery v. Lord*, 26 Id. 431.

In *Jenne v. Marble*, 37 Id 326, Mr. Justice CAMPBELL, speaking with reference to a lease, said:

"The language of the statute is no broader than the equitable rules concerning separate property laid down in the same words in most of the old decisions.   *   *   * The disabilities of testimony are entirely inconsistent with the idea that a husband and wife may deal with each other as third persons can. This is impossible, if they cannot testify concerning their contracts; and when the law recognizes, as it always has done, the peculiar power of substantial coercion possessed by husbands over wives, it would not be proper to infer any legal intent to remove protection against such influence from any vague provisions which no one supposes were ever actually designed to reach such a result, and which can only be made to do it by an extended construction. Any one can readily see the mischiefs of allowing persons thus related to put themselves habitually in business antagonism, and legislation which can be construed as permitting it is so radically opposed to the system which is found embodied in our statutes generally that it should be plain enough to admit of no other meaning."

It is the purpose of these statutes to secure to a married woman the right to acquire and hold property separate from her husband, and free from his influence and control, and if she might enter into a business partnership with her husband it would subject her property to his control in a manner wholly inconsistent with the

separation which it is the purpose of the statute to secure, and might subject her to an indefinite liability for his engagements. A contract of partnership with her husband is not included within the power granted by our statute to married women. This doctrine was laid down in *Bassett v. Shepardson,* 52 Mich. 3 (17 N. W. Rep. 217), and we see no reason for departing from it. The important and sacred relations between man and wife, which lie at the very foundation of civilized society, are not to be disturbed and destroyed by contentions which may arise from such a community of property and a joint power of disposal and a mutual liability for the contracts and obligations of each other.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.