WILLIAM A. VAIL ET AL. V. WARREN WINTERSTEIN ET AL.

*Married woman—Right to become partner—Charge upon separate estate.*

A married woman may enter into partnership relations with others. than her husband, and thus make her separate estate liable for the debts of the firm.

Appeal from Sanilac. (Beach, J.) Argued December 1, 1892. Decided December 22, 1892.

Bill to dissolve a copartnership, for the appointment of a receiver, and for an accounting. Complainants appeal. Decree modified and affirmed. The facts are stated in the opinion.

*George McKay,* for complainants.

*George W. Weadock,* for defendant Alice A. Tallmadge.

LONG, J. The complainants Henry W. Wilson and William A. Vail entered into a copartnership with defendants Alice A. Tallmadge and Warren Winterstein under the firm name of Winterstein, Vail & Co., for the purpose of carrying on a general banking business at Marlette, this State. They organized January 1, 1888, and under the

terms of the copartnership agreement were to continue to January 1, 1893. They contributed capital stock as follows: Henry W. Wilson $2,000, William A. Vail $3,000, Alice A. Tallmadge $3,000, and Warren Winterstein $4,000, making a capital stock of $12,000; Winterstein becoming the president, and Vail the cashier and bookkeeper. March 30, 1891, a bill was filed in the circuit court in chancery for Sanilac county by Vail and Wilson against the defendants Winterstein and Tallmadge, and others, to whom it was alleged conveyances and transfers of firm property had been made in violation of the rights of Vail and Wilson and the creditors of the firm. A receiver was asked for. Immediately after the filing of the bill, a common-law assignment was made by Vail and Wilson in the name of the firm to Thomas U. Dawson, one of the complainants here, of all the firm property for the benefit of all the firm's creditors. In making the assignment, Vail and Wilson assumed that the other members of the firm had disposed of their interests in the firm property, and were by such acts disqualified to act for the firm in any capacity, and that their transferees had no authority to act. An amended bill was subsequently filed by Vail and Wilson and Dawson, the assignee, and joining as defendants, with the others, John J. Lunau, a transferee of a part of the firm's real estate, and Annie, the wife of Warren Winterstein. A stipulation was thereafter made dismissing the bill as to Margaret J. Winterstein, Johnson Winterstein, and John J. Lunau. Proofs were taken, and a decree entered reciting in substance that the firm of Winterstein, Vail & Co. had been dissolved by the acts of the partners, and appointing complainant Dawson as receiver. It also recited that certain properties which it had been attempted to transfer to other parties belonged to the firm, and also that Alice A. Tallmadge, at the time of the execution of the partnership agreement, was a married woman, and still

so continued. It was therefore decreed that the copartnership be dissolved, placing all the properties in the hands of the receiver, with the right to sue and collect all the notes, bills, and choses in action belonging to the firm, and to collect the rents and avails of all the real estate belonging to the firm; and that Warren Winterstein execute, acknowledge, and deliver to the receiver an assignment of all the personal property belonging to the firm, and that he and his wife make certain conveyances to the receiver; and for an accounting to be made. The bill was thereupon dismissed, without costs, as to the defendant Alice A. Tallmadge.

This appeal raises but the one question whether the defendant Alice A. Tallmadge, being a married woman, could become a member of the firm of Winterstein, Vail & Co., and by such act bind her separate property, so that in the accounting for the benefit of creditors she would become liable out of her separate estate to the creditors of the firm.

Section 5, art. 16, of the Constitution of this State provides that—

"The real and personal estate of every female, acquired before marriage, and all property to which she may afterwards become entitled by gift, grant, inheritance, or devise, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, or engagements of her husband, and may be devised or bequeathed by her as if she were unmarried."

Section 6295, How. Stat., provides that—

"The real and personal estate or every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised, or bequeathed by her in the

same manner and with the like effect as if she were unmarried."

It was held in *Edwards v. McEnhill*, 51 Mich. 165; *Bassett v. Shepardson*, 52 Id. 3; and *Artman v. Ferguson*, 73 Id. 146,—that a married woman could not become a partner in business with her husband, and make her separate estate liable upon the contracts and engagements of the firm. In the last-named case it was attempted to subject Mrs. Ferguson's separate estate to the payment of the firm's debts and liabilities, the firm being composed of herself and her husband. It was said in that case:

"A partnership is a contract of two or more *competent* persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. That a married woman may, when she has separate estate, be a copartner with a person other than her husband, is held in many states under the married woman's statutes. But where the statute gives her no power, or only a limited power, to become a partner, the rule of the common law prevails, and she cannot enter a firm."

Great stress is laid by defendant's counsel upon the last clause before quoted, he insisting that the Court intended to hold in that case that a married woman in this State could not become a member of any firm and incur liability binding upon her separate estate. That question was not involved in the case, which related solely to her ability to bind her separate estate in the firm in which her husband was a partner. The reason given for the holding was that it was the purpose of these statutes to secure to a married woman the right to acquire and hold property separate from her husband, and free from his influence and control, and, if she might enter into a business partnership with him, it would subject her property to his control in a manner wholly inconsistent with the separation which it was the purpose of the statutes to secure, and might sub-

ject her to an indefinite liability for his engagements; that the important and sacred relations between man and wife, which lie at the very foundation of civilized society, are not to be disturbed and destroyed by contentions which may arise from such community of property, and a general power of disposal, and a mutual liability for the contracts and obligations of each other.

The question presented by the present record has not been directly disposed of by any of our previous decisions, and the reasons which have been given why a wife may not become a member of a firm with her husband under our statutes are not at all applicable to cases where she seeks to enter a firm conducting business separate from her husband. As was said in the former case, in many of the states married women are permitted to carry on business in this way, and under statutes quite analogous to our own. The statute of Massachusetts provides:

" Any married woman may, while married, bargain, sell, and convey her real and personal property which may now be her sole and separate property, or which may hereafter come to her by descent, devise, bequest, or gift of any person except her husband, and enter into any contract in reference to the same, in the same manner as if she were sole." Stat. 1857, c. 249, § 2.

Section 7, c. 304, Stat. 1855, of that state, provides:

" Any married woman may carry on any trade or business, and perform any labor or services, on her own sole and separate account."

It was held under these statutes in *Lord v. Parker*, 3 Allen, 127, that a married woman could not enter into a contract of copartnership with her husband. In *Plumer v. Lord*, 5 Allen, 460, it was held that, while she could not enter into a firm where her husband was a partner, yet she might engage in business with others as partners. Many of the other states, under quite similar statutes,

while holding that a married woman could not be a partner in a firm with her husband, have likewise determined that she might engage her services and property in copartnership undertakings with third parties.

The statutes of Massachusetts and of many other states expressly confer upon married women the right to carry on trade or business and perform labor or services on their sole and separate accounts. We have no such statutory provision conferring express power, but from the earliest cases since the passage of the married woman's act in 1855 our statutes have been interpreted as giving power to married women to carry on business or trade in their own names and upon their sole accounts. *Tillman v. Shackleton,* 15 Mich. 447; *Campbell v. White,* 22 Id. 178; *Powers v. Russell,* 26 Id. 179; *Rankin v. West,* 25 Id. 195. If a married woman may carry on a business in her own name, and appoint agents who may make contracts for her and in her name, we see no reason why these statutes should be interpreted as restrictive of her right to enter a firm as a partner with others aside from her husband, and thus bind her separate property for such firm's undertakings, as partners in a firm are the agents of each other in a transaction of partnership affairs, and it is conferring no more power upon the partner to bind the sole and separate property of a married woman than such married woman would have the right to contract for through any other agency. We think the great weight of authority under statutes quite similar to our own is that married women, while incompetent to enter into partnership engagements with their husbands, are free to enter into partnership relations with third parties, and bind their separate properties as fully and to the same extent as they might do through any other agency where they carry on business upon their sole and separate accounts.

1 Bates, Partn. § 136, states the rule as follows:

"Where statutes give a married woman power to sell and contract as to her separate property, and carry on business, she may invest it in a partnership, since this is a usual way of carrying on business; and it is no objection that she thereby becomes liable for the acts of others, for the same happens if she owns stock in a company, or employs an agent. Her separate property is still hers, and does not become liable for her husband's debts."

Harris, Cont. Mar. Wom. § 511, also lays down the following proposition:

"If the legislature has conferred upon the married woman the full, complete, and free power to carry on a separate trade or business, that seems to carry with it, by necessary implication of law, the right to conduct such business upon the same principles, the same system, in the same manner, to the same extent, and at her own option, as fully and freely as any other person, and to say that she cannot form a partnership would be to deny her a valuable right in business relations, which is allowed to other persons. It will not do to say that she is a sole trader, with all the power in relation to her trade and business that she would have if a *feme sole*, unless she has the liberty to exercise an unrestricted option as to the mode of carrying on such business, provided there be no fraud perpetrated on others. It has been insisted by some that, if she forms a partnership, she becomes, by that relation, liable as a partner, and is bound by the debts, either contracted by herself or another member of the firm, and this would often subject her property to the debts and liabilities of another person. But I can see no good reason consistent with the full power as a sole trader why she should not enter into a partnership in business if she thinks her separate interests would be promoted thereby."

The court below was therefore in error in dismissing the bill as against Mrs. Tallmadge. In other respects the bill will stand, and an accounting had as provided under the decree; the bill to stand against Mrs Tallmadge the same as the other defendants. The bill having been dismissed as to the defendants Margaret J. Winterstein, Johnson Winterstein, and John J. Lunau, under stipulation between the parties, the decree will not be disturbed as to them.

The decree of the court below, with these modifications, will be affirmed, and the case remanded to the court below for the purpose of taking an accounting. Complainants will recover their costs of this Court.

The other Justices concurred.