CORNELIUS GILLESPIE AND JOHANNA GILLESPIE V. LUTHER BEECHER.

[See 85 Mich. 347.]

*Husband and wife—Joint lease—Right of action for trespass—Estoppel.*

1. The married woman's act was passed for the protection of married women, and its purpose was to enlarge their rights, not to contract them, and it was not meant to deprive them of the right, either acting alone or jointly with others, of protecting their interests in property, either real or personal.

2. A lessor who executes a lease to a husband and wife, and insists that the wife shall be a party thereto, and puts the lessees jointly into possession of the leased premises under the lease, is estopped from claiming that they have no right to join in a suit against him when he unlawfully disturbs them in that possession, and they sustain damage by reason of such disturbance.[1]

Error to Wayne. (Hosmer, J.) Argued November 30, 1892. Decided December 23, 1892.

Trespass. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*James H. Pound,* for appellants.

*Henry M. Cheever,* for defendant, contended:

1. Married women in this State have no general capacity to make contracts, and, when such a contract is counted or relied upon, it is necessary to show the facts, that it may be seen that they were such as would enable her to make it; citing *Tillman v. Shackleton,* 15 Mich. 447; *Campbell v. White,* 22 Id. 178; *DeVries v. Conklin,* Id. 255; *Powers v. Russell,* 26 Id. 179; *Emery v. Lord,* Id. 431; *West v. Laraway,* 28 Id. 464; *Ross v. Walker,* 31 Id. 120; *Gillam v. Boynton,* 36 Id. 236; *Jenne v. Marble,* 37 Id. 319; *Kitchell v. Mudgett,* Id. 81; *Carley*

[1] See *Wineman v. Phillips,* 93 Mich. 223.

*v. Fox*, 38 Id. 387; *Johnson v. Sutherland*, 39 Id. 579; *Russel v. Savings Bank*, Id. 671; *Gantz v. Toles*, 40 Id. 725; *Insurance Co. v. McClellan*, 43 Id. 564; *Buhler v. Jennings*, 49 Id. 538; *Edwards, v. McEnhill*, 51 Id. 166.

2. As to the particular estate which is created by a joint conveyance to husband and wife, see *Fisher v. Provin*, 25 Mich. 347; *Insurance Co. v. Resh*, 40 Id. 241; *Manwaring v. Powell*, Id. 371; *Allen v. Allen*, 47 Id. 74; *Jacobs v. Miller*, 50 Id. 119; *Vinton v. Beamer*, 55 Id. 559; *Speier v. Opfer*, 73 Id. 38; *Dowling v. Salliotte*, 83 Id. 131.

Durand, J.   The declaration in this case charges that the plaintiffs, on August 30, 1888, were in possession of a house and premises which they were using as a dwelling-house and as an hotel and boarding-house, and that, being so in possession, the defendant unlawfully and forcibly entered and took possession thereof, and thereafter maintained his possession as against them, thus putting them in fear, depriving them of their home, and destroying their business as hotel or boarding-house keepers.   The defendant by his plea denied liability.   The case came on to be tried, and in opening the case to the jury plaintiffs' counsel stated substantially that he intended to show that plaintiffs were husband and wife; that they were possessed of some property, and that in February, 1888, they entered into a joint lease, in which they were the tenants and the defendant was the lessor, of the Globe or Dollar Hotel, on the corner of Jefferson avenue and Brush street, in Detroit, and which are the premises of which it is claimed the defendant unlawfully took possession; that the lessor insisted that the plaintiff Johanna Gillespie should join in the lease with her husband, and would not make the lease if she did not join, and that upon his insistence she did so; that the lease was then made to them jointly; that they entered into possession of the premises, and while in peaceable possession thereof were unlawfully dispossessed by defendant; and that they suffered considerable damage

in consequence. After this statement the circuit judge said:

"I think, with reference to this matter, that you may consider that I will direct a verdict on the ground that it was incompetent for husband and wife to join in the lease for the purpose of carrying on a partnership in the keeping of a boarding-house or hotel. I will enter a direction to the jury to return a verdict for the defendant on the ground that Mrs. Gillespie was not a proper party to the lease."

Exception was taken to this ruling by plaintiffs' counsel, and the only question to be passed upon in the case, therefore, is whether the husband and wife could join as plaintiffs in a suit to recover for an alleged invasion of the rights which they claim under a lease made by the defendant to them jointly.

We have no doubt of their right to do so. The defendant was aware of the relation the plaintiffs sustained to each other at the time he made the lease to them, and insisted that the wife should be a party to it. Having done so, and put them jointly into possession of the premises under it, he is estopped from claiming that they have no right to join in a suit against him when he unlawfully disturbs them in that possession, and they sustain damage by reason of such disturbance. The married woman's act was passed for the protection of married women. It was intended as a shield, and not as a sword. Its purpose was to enlarge her rights, not to contract them, and certainly it was not meant to deprive her of the right, either acting alone or jointly with others, of protecting her interests in property, either real or personal. The authorities referred to in the brief of the defendant's counsel are all cases where it was sought to make a married woman liable upon some executory contract, and it has been uniformly held in this State that she cannot become personally liable upon an executory contract except when it

relates to her sole property, or where the consideration moves directly to her, and it has also been held that she cannot be made liable personally as a surety for the debts either of her husband or any other person, or by reason of being a partner with her husband. In all these cases she is held to be legally incompetent to bind herself. These rules, however, are all intended for her benefit, and are in direct antagonism with the doctrine that she cannot protect her title or possession to property when such title or possession, either as a sole or joint owner, is attacked. To give sanction to such a doctrine would place married women at a serious disadvantage, and one which the law does not inflict upon them.

For the reasons stated the judgment must be reversed, and a new trial granted.

The other Justices concurred.