**In re DIXON et al.**

District Court, W. D. Michigan, S. D. November 29, 1926.

**1. Bankruptcy ⬄69—Married women are not subject to bankruptcy proceedings as members of partnerships, unless individual estates are liable for firm's debts (Bankruptcy Act, § 4 [Comp. St. § 9588]).**

In view of Bankruptcy Act, § 4 (Comp. St. § 9588), providing that only persons owing debts may be adjudged involuntary bankrupts, married women are not subject to bankruptcy proceedings as members of partnerships, unless their individual estates are liable for debts of firm.

**2. Bankruptcy ⬄69—Wife held not subject to bankruptcy proceedings as member of partnership with husband and others (Bankruptcy Act, § 4 [Comp. St. § 9588]).**

Under Bankruptcy Act, § 4 (Comp. St. § 9588), married woman is not subject to bankruptcy proceedings as member of partnership with husband and third persons, where state law forbids wife from forming partnership with husband, which will render her liable for payment of partnership obligation.

In Bankruptcy. In the matter of the bankruptcy of Edmund M. Dixon, Jessie Dixon, and another, surviving partners of themselves and Rudolph Herren and David Slawson, deceased, doing business as E. M. Dixon & Co., also as the Wood Dish Company and as the Thompsonville Bank. On petition of Jessie M. Dixon to set aside the order of adjudication as to her. Order setting aside order of adjudication, in so far as relating to petitioner.

Wicks, Fuller & Starr, of Grand Rapids, Mich., for petitioner.

Irving H. Smith and Corwin & Norcross, and Cook, all of Grand Rapids, Mich., opposed.

RAYMOND, District Judge. On August 17, 1926, an order was entered adjudicating the above-named Edmund M. Dixon, Jessie Dixon, and Lena Herren, copartners, to be bankrupts; no answer having been made to the creditors' petition within the statutory period. The matter is now before the court upon the petition of Jessie M. Dixon, whereby it is prayed that the order of adjudication be set aside, for the reason that she is the wife of Edmund M. Dixon, a member of the alleged copartnership. It is her claim that an attorney was employed prior to the adjudication to make answer on her behalf, but that he failed to do so. There is sufficient evidence that petitioner believed that her claimed rights were being protected to warrant consideration of her petition upon the merits.

[1] The sole question presented for determination is whether a married woman, alleged to be a member of a partnership of which her husband is also a member, may be adjudged bankrupt as one of the members of such partnership. Married women are not subject to bankruptcy proceedings as members of partnerships, unless their individual estates are liable for the debts of the firm. By the terms of section 4 of the Bankruptcy Act (Comp. St. § 9588) only persons "owing debts" may be adjudged involuntary bankrupts.

[2] The statutes of the various states enlarging the common-law powers and liabilities of married women have resulted in much difference in opinion when applied to the question here involved. See L. R. A. 1916D, 1233; 13 R. C. L. 1368. Under the Michigan statute it has been held that a married woman may become a member of a partnership with others than her husband (Vail v. Winterstein, 94 Mich. 230, 53 N. W. 932, 18 L. R. A. 515, 34 Am. St. Rep. 334), but that she cannot form a partnership with her husband which will render her liable for the payment of partnership obligations (Artman v. Ferguson, 73 Mich. 146, 40 N. W. 907, 2 L. R. A. 343, 16 Am. St. Rep. 572). In the case of Artman v. Ferguson, it is said:

"It is the purpose of these statutes to secure to a married woman the right to acquire and hold property separate from her husband, and free from his influence and control, and if she might enter into a business partnership with her husband it would subject

her property to his control in a manner wholly inconsistent with the separation which it is the purpose of the statute to secure, and might subject her to an indefinite liability for his engagements. A contract of partnership with her husband is not included within the power granted by our statute to married women. This doctrine was laid down in Bassett v. Shepardson, 52 Mich. 3, 17 N. W. 217, and we see no reason for departing from it. The important and sacred relations between man and wife, which lie at the very foundation of civilized society, are not to be disturbed and destroyed by contentions which may arise from such a community of property and a joint power of disposal and a mutual liability for the contracts and obligations of each other."

It seems entirely clear from the above quotation that the reasoning applied in that case is equally applicable to those partnership relations in which not only the husband and wife but third parties are members, and it is attempted to hold the wife liable for the firm indebtedness. This view is supported by the case of Lord v. Parker, 3 Allen (Mass.) 127.

An order will therefore be entered, setting aside the order of adjudication heretofore entered, in so far as it relates to Jessie Dixon.