1086

J. Fred Staebler, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 28520. Promulgated October 25, 1929.

*F. E. Ross, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

Marquette: The petitioner contends that he and his wife should be permitted to make separate income-tax returns as to the profits received by them from the Staebler Oil Co. The respondent has asserted that all of such profits are taxable to the petitioner alone. No other issue is presented by the record.

The petitioner proceeds under section 218 (a) of the Revenue Act of 1921, which provides:

SEC. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be inc.uded in computing the net income of each partner his distributive share, whether dis- tributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

It was stated by counsel that the petitioner, when he gave to his wife an equal share of his net profits, intended to make her a partner in the business. However, under the law of Michigan as interpreted by the courts of that State, a wife may not become a partner with her husband. *Artman* v. *Ferguson*, 73 Mich. 146; 40 N. W. 907. The petitioner now concedes this, but he contends that a joint adventure was formed, and that for income-tax purposes it is to be treated in like manner as a partnership. In support of his contention, reliance is placed upon *L. F. Sunlin*, 6 B. T. A. 1232, wherein this Board held that although the intermarriage of a man and woman who were at the time business partners might work a dissolution of that partnership, still the wife was not thereby deprived of her separate income derived from the share of capital and services which she had contributed to the business. But that is a very different situation from the one now before us. Here, the petitioner's wife has made no contribution to the business either of capital or services. The essential facts in the *Sunlin* case are so widely variant from those now before us that that decision can not be considered an authority for us in the present proceeding.

In our opinion, the decision of this Board in *Ormsby McKnight Mitchel*, 1 B. T. A. 143, is controlling in the present instance. There, Mitchel made a written agreement with his wife, which provided, among other things, that " The party of the second part [the wife] shall be entitled to one-half of the profits which shall come to the party of the first part [Mitchel] from the firm." In the proceeding now before us " the petitioner gave his wife an equal share in his portion of the net profits of the Staebler Oil Company." The peti- tioner's wife was credited, monthly, on the books of the company with the share of the profits so given her. In the *Mitchel* case, settle- ments between Mitchel and his wife were made annually; but the frequency or infrequency of the settlement periods can not affect nor overcome the fact that in each case *the profits first accrued to the taxpayer as income*, and only after such accrual did the wife receive the agreed share. As was said in the *Mitchel* case:

Clearly, under the statute, the income derived by the partnership must be returned for taxation as the income of the respective partners in accordance with their distributive shares and can not be diverted to become the income of someone else by agreement or otherwise. No one is permitted to make his own tax law and if it were permitted to modify the express provisions of the taxing statute by agreement any taxpayer could say what should or should not be income. To merely state the proposition is to expose its fallacy * * *. The income from taxpayer's interest in the partnership is first income to him, and no matter how he tries to dispose of it or does dispose of it, it is taxable to him as income from his interest therein. It does not alter the situation to say that as soon as income arises in the partnership at that instant it becomes the property of the grantee, as this is mere assertion. The fact is that before it becomes the property of the grantee, it is income, within the meaning of the law, to the grantor, and the statute recognizes this fact when it requires the income of the partnership to be included as the income of the partners in their individual returns according to their respective shares therein. The fallacy of the contention arises from the failure to take account of the fact that the taxpayer is contracting to dispose of something which must first be his before it becomes the property of anyone else.

 \* \* \* \* \* \* \*

When Congress provides that a person in a certain status shall be subject to taxation in a particular manner, we do not believe that person can, at one and the same time, retain such status and by agreement relieve himself from the effect of the act.

We hold, therefore, that the petitioner's entire distributive share of the net profits of the Staebler Oil Co. constituted income to him during the taxable period, which should be included in computing the amount of his income tax, and the determination of the respondent is approved.

*Judgment will be entered for the respondent.*