ALBERT G. DICKINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35015, 43176. Promulgated July 20, 1931.

*J. S. Seidman Esq.*, and *F. E. Seidman, C. P. A.*, for the petitioner. *Brooks Fullerton, Esq.*, for the respondent.

1214

1216

OPINION.

Love: The issue here presented is what portion of the net income of the business carried on under the name of the American Metal Weatherstrip Company for the calendar years 1923 to 1926, inclusive, was income to petitioner. The respondent has determined that the business was a sole proprietorship carried on by petitioner as an individual, and that all of the income therefrom was taxable to him. Petitioner contends that the business was that of a partner-

ship between himself, his wife and daughter; that the profits and losses were to be shared equally among the three partners; and that, therefore, under section 218 (a) of the Revenue Acts of 1921, 1924 and 1926, only one-third of the net income of the alleged partnership should be included in computing his net income.

The respondent argues that it is well settled that under the laws of Michigan a married woman may not enter into a business partnership with her husband, and cites in support thereof *Bassett* v. *Shepardson*, 52 Mich. 3; 17 N. W. 217; and *Artman* v. *Ferguson*, 73 Mich. 146; 40 N. W. 907. In the former case the defendant, a married man, entered into a business partnership with a widow. At that time his wife was in the process of obtaining a divorce. In order to prevent his wife's attorneys from attaching certain property, he executed and delivered to the widow a paper purporting to sell such property to the widow in consideration for the cancellation by her of an indebtedness he then owed her. His wife obtained her divorce, and five days later he and the widow were married. The latter died about six months later. Her personal representative, the plaintiff, claimed the property. The defendant resisted on two grounds: (1) That the purported sale was a fraud and so intended by him; and (2) that in any event the property was partnership property which devolved to him as surviving partner. The court held that he was estopped from setting up the fraud and that "the subsequent intermarriage of the parties worked an instantaneous dissolution" of the partnership, which left the ownership of the property, there in question, in his second wife, and as part of her estate. The plaintiff in *Artman* v. *Ferguson*, *supra*, attempted to show that the defendants were husband and wife; that they had entered into a business partnership; that the wife had contributed the entire capital for the business; that the husband had no means; and that they were liable on the common counts in *assumpsit* for goods sold and delivered to them by the plaintiff. The court, in sustaining a directed verdict for the defendants, said:

It is the purpose of these statutes to secure to a married woman the right to acquire and hold property separate from her husband, and free from his influence and control, and if she might enter into a business partnership with her husband it would subject her property to his control in a manner wholly inconsistent with the separation which it is the purpose of the statute to secure, and might subject her to an indefinite liability for his engagements. A contract of partnership with her husband is not included within the power granted by our statute to married women. This doctrine was laid down in *Bassett* v. *Shepardson*, 52 Mich. 3, 17 N. W. Rep. 217, and we see no reason for departing from it. The important and sacred relations between man and wife, which lie at the very foundation of civilized society, are not to be disturbed and destroyed by contentions which may arise from such a community of property and a joint power of disposal and a mutual liability for the contracts and obligations of each other.

As we analyze the issue here presented, it is not necessary to determine whether a legal partnership between husband and wife may exist in the State of Michigan. Our problem is to determine whether the respondent has included in petitioner's net income, income that was owned by, and, therefore, taxable to persons other than petitioner.

About seventy-five years ago Michigan passed an act relative to the rights of married women. Section 1 of this act (now section 11485, Compiled Laws Michigan, 1915) is as follows:

> The People of the State of Michigan enact, That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled, by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her, in the same manner and with like effect as if she were unmarried.

We think the evidence introduced by petitioner conclusively proves that the petitioner in 1920 made valid gifts to his wife and daughter of a one-third interest each in the business of the American Metal Weatherstrip Company. As fully set out in our findings, his discussions with his wife and daughter in 1920 relative to his intentions of making the gifts; their acceptance thereof; the book entries recording the transfers; the notices to the outside world; and his long established policy of making substantial gifts of property to his immediate family, all point to this one conclusion, namely, that the gifts were made. From that time on the wife and daughter each owned a one-third interest in the business.

In Michigan a husband and wife may become joint owners of property and operate it for profit without entering into a legal partnership. See *Wineman* v. *Phillips*, 93 Mich. 223; 53 N. W. 168; and *Gillespie* v. *Beecher*, 94 Mich. 374; 54 N. W. 167, where the husband and wife in both cases leased and operated a hotel; and *Bennett* v. *Haines*, 225 Mich. 185; 196 N. W. 206, where they purchased and operated a garage.

We have in other proceedings (*L. F. Sunlin*, 6 B. T. A. 1232, and *R. E. Wing*, 17 B. T. A. 1028) quoted the following from *Gillespie* v. *Beecher*, *supra*:

> The married woman's act was passed for the protection of married women. It was intended as a shield, and not a sword. Its purpose was to enlarge her rights, not to contract them, and certainly it was not meant to deprive her of the right, either acting alone, or jointly with others, of protecting her interests in property, either real or personal.

It is interesting to note that although the *Gillespie* case was decided subsequent to the two cases of *Bassett* v. *Shepardson*, *supra*,

and *Artman* v. *Ferguson*, *supra*, relied upon by the respondent, the court, in deciding the two earlier cases, recognized in substance the same general principles of protection which it later embodied and gave expression to in the *Gillespie* case.

In the instant case, after petitioner had given his wife a one-third interest in the business, such interest became the absolute property of the wife to do with as she pleased " in the same manner and with like effect as if she were unmarried." (Sec. 11485 C. L. Mich., *supra*.) This being true, a court of equity would hold that she was the *owner* of one-third of the income from the business, and under *Poe* v. *Seaborn*, 282 U. S. 101, being the owner of the income, was entitled to include the same in her returns. For similar holdings by us involving persons residing in Michigan, see *L. F. Sunlin*, 6 B. T. A. 1232; *Earle L. Crossman*, 10 B. T. A. 248; *Elmer Klise*, 10 B. T. A. 1234; *Albert Kahn*, 14 B. T. A. 125; *R. E. Wing*, 17 B. T. A. 1028; and *Alfred T. Wagner*, 17 B. T. A. 1030. It follows that the respondent was in error in including in petitioner's returns income that belonged to his wife.

With respect to the daughter, there was no prohibition whatever against petitioner entering into a partnership with her. Suffice it to say that we think such a partnership existed and that the daughter was entitled to report one-third of the income in her returns, and that the respondent was also in error in including such income in petitioner's returns. Cf. *M. D. Olds*, 15 B. T. A. 560, and *B. M. Phelps et al.*, 13 B. T. A. 1248.

Counsel for petitioner at the close of his brief remarks that " although the record does not show it, petitioner in this case has, in order to save interest, prepaid a portion of the deficiency while these cases have been pending before the Board. It is accordingly requested that upon decision of the issue here involved, this case be placed on the Board's calendar for a Rule 50 determination."

*Judgment will be entered under Rule 50.*