**In re BOWLES et al.**
**No. 273.**

District Court, E. D. Kentucky, Jackson.
June 25, 1936.

Combs & Combs, of Prestonsburg, Ky., for creditors.

I. A. Bowles, of Hazard, Ky., for the bankrupts.

FORD, District Judge.

A joint petition was filed by Isaac Anderson Bowles and Leila P. Bowles seeking to obtain the benefit of the acts of Congress relating to bankruptcy. An order of joint adjudication was accordingly entered. Within a short time thereafter one of the creditors filed a motion to vacate the order of adjudication and strike the petition from the files on the ground that the court had no jurisdiction to entertain the joint petition of the parties. No provision of the Bankruptcy Act authorizes the filing of a joint petition by two or more persons unless it be shown that the petitioners are partners within the meaning of section 5a of the Bankruptcy Act (11 U.S.C.A. § 23 (a).

Seeking to bring themselves within the provisions of this section, the petitioners filed an amendment to their petition by which they add the following averments, namely: " * * * They are now and have been during all the times mentioned in said petition and in fact since June 22nd, 1922, husband and wife, and that most of the debts or a great portion of the debts listed as owing by them in the schedule filed with said petition are joint debts of them both; that said schedules show the property owned jointly and separately and the debts owed jointly and separately."

It thus appears that the petitioners are proceeding upon the novel, if not unique, theory that the mere existence of their marriage relation is alone sufficient to constitute them partners within the meaning of the law. In their brief herein filed in support of their theory, the petitioners ardently assert that as husband and wife they are "in the truest sense a partnership" and "engaged in the business of trying to maintain a home and make a living."

Perhaps, it is true that the relationship of husband and wife, in the broad and general conception of that term, is and should be regarded as a partnership, and in a like sense of that term every other voluntary association of persons having community of interests and objectives whether social, domestic, moral, political or religious would constitute a partnership. That such relationships, however, are not embraced within the term "partnership," as that term is used and understood in the law, seems so elementary that the point scarcely warrants discussion.

It is familiar law that the status of persons, which in legal contemplation is known and referred to as a "partnership," is entirely commercial in its nature, origin, and development. We are told by legal historians that the law of partnership originated in the ancient trading usages and

354

customs of merchants of the middle ages of which the English courts of common law and equity took judicial notice and to which they gave recognition as "the law merchant."

This relationship, as between the parties thereto, can only be created by a contract between them "to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions." To such a status the law attaches certain well-defined rights as between the parties in their relationships with each other and in their relationships with others, such as the common ownership and possession of the assets of the firm, the reciprocal relationship of principal and agent in the conduct of partnership business, and a community of power and authority in its management.

█ It is this clearly-defined status or relationship which is referred to in the law as a partnership; and it is with this character of partnership alone that the law of bankruptcy deals.

Perhaps the status of the parties as partners or otherwise is to be determined by local law. In re Hoyne (C.C.A.) 277 F. 668.

At common law, a married woman could not enter into a contract of partnership either with her husband or with any other person. 30 C.J. p. 681, § 259, and p. 771, § 396.

It is true that by statutes various states, including Kentucky, have, to some extent, removed the common-law disabilities of married women with reference to their power to make contracts affecting employment of their separate property in business and commerce. Such statutes, however, and especially those of Kentucky, instead of subjecting the property of the wife to that character of community liability and control which would necessarily arise out of the relation of partnership with her husband clearly evidence the purpose to secure to a married woman the right to acquire and hold property separate from her husband and free from his influence and control.

There is considerable diversity of opinion in the courts of the various states as to whether, under these married women acts enlarging their common-law powers and liabilities, there exists even the right of a married woman to make a contract of partnership with her husband which will render her liable for the payment of partnership obligations. Artman v. Ferguson, 73 Mich. 146, 40 N.W. 907, 2 L.R.A. 343, 16 Am.St.Rep. 572; In re Dixon et al. (D. C.) 18 F.(2d) 961.

█ It is unnecessary here to determine whether a contract of partnership between husband and wife would be valid under the statutes of Kentucky, for the reason that the petition as amended does not allege the existence of any such partnership agreement between the petitioners. For present purposes, it is sufficient to point out that the statutes of Kentucky expressly provide that merely by virtue of marriage the property of the wife is not subjected to liabilities such as would necessarily arise from a business partnership with her husband.

By section 2127, Kentucky Statutes, it is expressly provided: "Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband."

By section 2130, Kentucky Statutes, it is provided that the husband is not liable for any debt or responsibility of the wife contracted or incurred before or after marriage, except for necessities furnished her after marriage, or to the extent of property received by virtue of the marriage.

By the provisions of section 2143, Kentucky Statutes, it is provided that real estate conveyed or devised to husband and wife vests no mutual right to the entirety by survivorship between them, but they take only as tenants in common, each taking an undivided one-half interest. Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W.(2d) 957.

A mere tenancy in common does not create a partnership. Ford v. Jellico Grocery Co., 194 Ky. 552, 240 S.W. 65. And a partnership relation is founded on a voluntary contract. Frank v. Thompson, 207 Ky. 335, 269 S.W. 295.

In the absence of a special partnership agreement, the individual rights, interests, and liabilities of husband and wife, under the law of Kentucky, remain distinct and separable, and mere community

of interest arising from the family relation, tenancy in common of property conveyed to them jointly, or joint liability for debts does not constitute them partners within the meaning of that term, as used in the law.

The rule on the point here involved is clearly stated in Remington on Bankruptcy, vol. 1, § 46, as follows: "Mere joint contractors or joint owners are not permitted to file a joint petition. Nothing short of a partnership will authorize the joining of two or more individuals in one petition. Thus, husband and wife may not join in a single petition where simply bound on the same obligations. * * * The partnership must be an 'actual' partnership as distinguished from a partnership by 'holding out.' "

The motion of the creditor should be sustained, the adjudication of bankruptcy should be vacated, and the petition should be dismissed. Let an order be entered accordingly.