OSCAR F. HYDE ET AL. V. VOLNEY POWELL AND ELIZA POWELL.

*Husband and wife—Mutual acquisitions—Indebtedness to wife.*

Where by mutual understanding between husband and wife their mutual acquisitions were to be equally divided and owned, and a certain amount of property was vested in the wife accordingly, if she afterwards allowed her husband to dispose of this property for his own benefit, she became to that extent his creditor.

A wife does not lose her rights as a creditor of her husband by failing to make her claim known, even as against those who trust him in ignorance of it.

The fact that a wife, after receiving a conveyance from her husband in payment of her claim, pays to a third person, from personal and family reasons, a demand against the husband, does not establish the fact that she received the conveyance in trust for him.

Appeal from Kent. Submitted Oct. 13. Decided Oct. 26.

BILL in aid of execution. Complainants appeal. Dismissal affirmed.

*C. C. & W. W. Hyde* for complainants.

*R. W. Butterfield* for defendants.

COOLEY, J. The bill in this case is a bill in aid of an execution. The complainants are judgment creditors of Volney Powell, and it is charged that he has conveyed the

undivided one-half of a flouring mill owned by him to the defendant Eliza Powell, who is his wife, in secret trust for himself and with intent to cheat and defraud his creditors. An answer on oath was called for and put in, and it denies the case made by the bill fully and circumstantially. The question now is whether this answer is overcome by the other proofs.

The defendants were married in 1843 when both were absolutely without means. He was a Baptist minister and she a tailoress, and for several years she seems to have contributed to their means of support more than he did. They bought a lot and built a house upon it, partly by the labor of their own hands, and afterwards bought and improved wild lands. According to their testimony it was understood between them that half of their accumulations should belong to each, but the title generally stood in him. Many changes and trades made by them are narrated in their evidence, and it is shown that at one time, before he bought into the mill, she had property in her own name to the value of several thousand dollars. It is probable that the understanding between them for an equal ownership of property was one that could not have been legally enforced, but her equities were equal to his, and when the title to property was placed in her by mutual consent, it was no doubt legally hers. When he bought into the mill he used the property thus legally hers in making payment, and thereby became her debtor.

If he was thus her debtor, there was no legal impediment to his making payment, if there was no actual fraud. We do not find in the case evidence of any actual intent to defraud. The defendant Volney Powell seems to have been desirous of paying all his debts, and after the transfer to the wife, he proceeded to use his other means for the purpose. He paid to these complainants the major part of what was owing to them, and does not appear to have put aside anything for himself unless it be the property in controversy. But there is no evidence that this transfer was made for his use. It does indeed appear that the wife afterwards

paid a demand which a sister-in-law asserted against him, but she might well do this, as she says she did, because of the relationship and intimate friendship, without any recognition of pecuniary claims upon her.

Complainants insist, however, that defendant Eliza should be precluded from setting up any indebtedness against her husband by the fact that she had not made it public and they had dealt with him in ignorance of it and given him a credit which her silence favored. If she had been guilty of any deception or artifice to conceal her claim the suggestion would have force; but there is no evidence of this; and the suggestion that a creditor shall be estopped from asserting his claim because he has failed to proclaim it, is obviously inadmissible.

On the whole we find no fault with the decree dismissing the bill and it must be affirmed.

The other Justices concurred.