### KIELDSEN *v.* BLODGETT.

1. APPEAL—CONFLICTING TESTIMONY.
   The decree of the circuit judge, based upon the testimony of a few witnesses, who disagreed as to the facts, was not disturbed.

2. HUSBAND AND WIFE—DEED—CONSIDERATION.
   A wife's conveyance of her property in payment of her husband's debt is supported by a sufficient consideration.

Appeal from Wexford; Aldrich, J. Submitted June 16, 1897. Decided July 13, 1897.

Bill by Flora A. Kieldsen, Minor T. Wheeler, and Nancy H. Bickhart against Delos A. Blodgett and another to set aside a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*Sawyer & Bishop* (*McIntyre & Wetmore*, of counsel), for complainants.

*E. E. Haskins*, for defendants.

HOOKER, J.   The complainants' bill was filed to cancel a deed admitted to bear the signature of Mrs. Kieldsen, upon the ground that it was signed under the supposition that it conveyed property of her husband, and not her separate property.   She testified that she was ill in bed, and signed this deed and others for delivery in payment of her husband's debts, and that she did not hear them read, and that she made no request to be informed of the contents.   In this she is corroborated by her mother, and disputed by the notary who took the acknowledgment, who testified that he stated to her what property was covered by each deed, and that this covered the premises mentioned.   Her husband is dead.   She subsequently sold the property to complainant Wheeler, and he sold it to complainant Bickhart.   The deed of the defendants was placed upon record at once, but is said to have been overlooked by the purchasers; the Kieldsens being allowed to keep possession for a time under an arrangement made at the time defendants agreed to take the premises.   It is one of those cases where we cannot be sure of doing justice, as all depends on the testimony of two or three witnesses, who are not agreed upon the facts.   Under these circumstances, as we have frequently held, we should not disturb the decree made by the circuit judge, who heard the testimony.   We have no doubt of the power of a married woman to convey her property in payment of her husband's debt, and that such conveyance has a sufficient consideration.   The legal questions raised are "old straw," which has been threshed over and over again, and call for no special notice.

The decree of the circuit court is affirmed, with costs.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.