HACKLEY NATIONAL BANK *v.* JEANNOT.

HUSBAND AND WIFE—PARTNERSHIP—SEPARATE ESTATE—CHATTEL MORTGAGE.

A married woman who has engaged in trade as her husband's partner may bind her interest in the property of the two by joining with her husband in a chattel mortgage on firm property to secure the firm debt.

Error to Muskegon; Russell, J. Submitted February 16, 1906. (Docket No. 185.) Decided March 27, 1906.

Replevin by the Hackley National Bank against Joseph O. Jeannot and Florence B. Jeannot, copartners as J. O. Jeannot & Co. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Affirmed.

*Stephen H. Clink*, for appellants.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp*, for appellee.

MONTGOMERY, J. The defendants are husband and wife, and, for many years prior to the commencement of this suit, they were engaged in mercantile business in the city of Muskegon as equal copartners, under the firm name and style of " J. O. Jeannot & Co." They being indebted as such copartners to the plaintiff bank and a number of other creditors, under an arrangement by which they, as such copartners, gave the bank a mortgage on their stock of goods, etc., the bank furnished them sufficient money to pay up the other creditors, whose claims, together with what was owing the bank at that time, amounted to about $9,500. The defendants having made default, the plaintiff demanded possession under its mortgage, and, on defendants' refusal to deliver possession, instituted this suit

in replevin. The sole question which the record presents is this: Can a married woman, who has engaged in trade as her husband's partner, bind her interest in the property of the two by joining with the husband in a chattel mortgage on the firm property to secure the firm debt? It is the rule in this State that the husband and wife cannot become, by contract between themselves, copartners in trade, in such sense that the wife can be made responsible for the firm debts. *Artman* v. *Ferguson*, 73 Mich. 146 (2 L. R. A. 343).

In the present case, however, the plaintiff does not seek to hold the wife on her promise to pay. What is asserted on behalf of the plaintiff is that, although the debt be the debt of the husband alone, it was entirely competent for the wife to pledge her separate property for the payment of the debt. This has been frequently held. *Marx* v. *Bellel*, 114 Mich. 631; *Just* v. *Savings Bank*, 132 Mich. 600; *Kieldsen* v. *Blodgett*, 113 Mich. 655; *Le May* v. *Wickert*, 98 Mich. 628.

It is urged that this property was not the separate property of the wife, and the case of *Speier* v. *Opfer*, 73 Mich. 35 (2 L. R. A. 345), in which the question was whether the interest of a wife in an estate by the entirety was separate property within the meaning of the statute, is cited. It was held that that peculiar interest in property was not separate property. This holding was based upon the peculiar qualities of the estate in the entirety, an estate which neither the husband nor wife can convey a separate interest in. In the present case there is no estate by the entirety. Either the husband or the wife could convey his or her several interest without the assent or concurrence of the co-owner. The interest which the wife had was in this sense her separate property and subject to her dominion and control. The recovery by plaintiff was right.

Judgment affirmed.

MCALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.