EHLE *v.* LOOKER.

1. MORTGAGES—DEED GIVEN AS SECURITY—HUSBAND AND WIFE.

A deed given by a married woman to enable her husband to borrow money, conveying the homestead occupied by both, was valid and enforceable, as a mortgage between the parties to the instrument, although the acknowledgment of the wife was irregularly taken by a justice of the peace, who testified that he signed the acknowledgment on the strength of a note, received from the wife, requesting him to acknowledge it as her free act and deed.[1]

---

[1] As to the validity of incumbrance by husband and wife of property held by the entireties to secure the individual debt of the husband, see note in 66 L. R. A. 632.

2. SAME—CONSIDERATION—ESTOPPEL.

As to a grantee who has loaned money to the husband, relying upon the deed, the wife was estopped to deny the validity of the execution and delivery of the conveyance, which she testified that she signed without knowing what the paper was, and, also, that it had been her habit to sign papers which her husband presented to her to sign.

3. SAME—EQUITY—AGENCY.

Where one of two innocent parties must suffer by reason of the acts of a third, the loss must be borne by the one who enables the third person to cause the loss or damage.

4. HUSBAND AND WIFE—ESTATE BY ENTIRETIES—CONSIDERATION.

A wife's conveyance of real property owned by herself and husband by the entirety, to secure or to pay an indebtedness of the husband, is supported by a sufficient consideration and is valid.

5. SAME—DEEDS.

And the instrument was a mortgage as to both defendants, not a deed as to one of them, and mortgage as to the other.

Appeal from Clare; Dodds, J. Submitted June 22, 1914. (Docket No. 54.) Decided July 25, 1914.

Bill by Alfred Ehle against William R. Looker and Lousina Looker to foreclose a deed as a mortgage. From a decree for complainant, defendant Lousina Looker appeals. Affirmed.

*John Quinn,* for complainant.

*G. C. Leibrand,* for defendant Lousina Looker.

STONE, J. In this case the bill of complaint was filed to have a certain deed declared to be a mortgage, and to foreclose the same. The defendants are husband and wife, and owned the land in question, 80 acres, as tenants by the entireties. The dealings between the parties leading up to this suit are substantially as follows: In April, 1910, defendant William R. Looker came to complainant and stated that he desired to borrow $1,800, and to secure such loan would mortgage 120 acres of land, including the land

here involved, and said defendant requested complainant to assist him in obtaining such loan. Complainant agreed to assist said defendant in getting the loan from parties at Gladwin, at which place they were to meet. It developed when they met at Gladwin that said defendant wanted $2,200 instead of $1,800, and that he had but 80 acres of land with which to secure the loan, upon which land there was already a mortgage of $950, and the loan could not be obtained on the security offered. Said defendant then importuned complainant to loan him the money, which complainant declined to do, as he had no money to loan; but later complainant offered to take a deed of the said 80 acres of land from both of said defendants and pay said defendant $2,800, less the mortgage of $950, and give back to said defendant a land contract to sell the latter the land in one year at the same price, which was agreed to, and complainant then placed a mortgage on his home farm and obtained the money, and paid said defendant $1,850, taking a deed from both of said defendants, which deed contained a clause requiring complainant to assume and pay the old $950 mortgage. At the same time a land contract was entered into between complainant and said defendant William R. Looker, whereby the former agreed to sell said land to said Looker in one year at $2,800, with interest at 7 per cent. per annum, which contract, as well as the deed, said defendant had prepared and brought with him when the deal was closed.

When the year had expired defendant Looker, not being able to pay complainant anything, the contract was surrendered, and complainant gave to said defendant a written option to purchase the land within one year for $3,040; that being the amount due complainant under the contract, including interest, insurance, taxes, and interest on the old mortgage paid by complainant. Defendant William R. Looker

did not pay anything when the year was up under the option, and complainant desired his money or possession of the land; defendants having remained in possession of the same all of the time. About this time defendant William R. Looker filed a bill of complaint in the circuit court, in chancery, and obtained an injunction against this complainant, restraining him from interfering with said Looker's possession, and claiming that the deed was a mortgage and praying that it be so declared. Ehle answered, claiming that the deed was an absolute conveyance, but stated that he was willing to accept the amount he had put into the land and deed the same back, but that he desired his money or possession of the land. That case went to a hearing, and the court found that the said deed was a mortgage, and directed payment to Ehle by said Looker of the amounts due the former on or before December 18, 1912, otherwise that the premises should be sold under the usual proceedings, and a decree was entered accordingly. No payment was made by William R. Looker, and the land was sold under the decree to this complainant. After the redemption period had expired the defendant Lousina Looker refused to give up possession of the land; and, inasmuch as she was not a party to said injunction suit, this complainant, recognizing the fact that she had not had "her day in court," filed the bill in the instant case, treating the deed as a mortgage and praying for its foreclosure. The bill was taken as confessed by the defendant William R. Looker. The defendant Lousina Looker filed her answer, denying that she ever signed or executed the said deed or mortgage, or authorized such signing, and stating that she never appeared before the acknowledging officer, or acknowledged the execution of said instrument, as it purported, in the presence of the witnesses whose names appear thereon as such. At the hearing of the instant case defendant Lousina Looker

testified relating to the signing and execution of the instrument, that she could not say as she knew anything about the matter; that she never signed that paper or anything else before Joseph D. Bitler, nor did she sign it in the presence of James W. and Emma Looker; that the signature looked like hers, but she could not give the court any idea how it came to be on that paper; but that she had been in the habit of signing papers which her husband brought home without making inquiry. On cross-examination she testified as follows:

"*Q.* You have seen this Exhibit A [the deed]? You don't deny that being your signature?

"*A.* It looks like my signature, but I would not say it was.

"*Q.* Do you say it isn't? I want you to be sure about it. I want you to say whether it is or not. You know your signature. Tell the court whether it is yours or not.

"*A.* All I can say, it looks like mine.

"*Q.* You can say whether it is your signature or whether it is not?

"*A.* I could not say.

"*Q.* You could not say?

"*A.* I signed papers like that.

"*Q.* Don't you know your own signature when you see it?

"*Defendant's Counsel:* She says it looks like hers, and she doesn't deny it.

"*Court to Defendent's Counsel:* You don't deny it?

"*Defendant's Counsel:* No, she has not denied it."

This deed bore date April 12, 1910, and purported to be signed by both defendants in the presence of James W. Looker and Emma Looker, and to have been acknowledged on April 13, 1910, by both defendants before Joseph D. Bitler, a justice of the peace of Clare county.

Joseph D. Bitler, the justice of the peace, testified that he signed the certificate of acknowledgment, but that Lousina Looker did not personally appear before

him, but sent a written request signed by her as follows:

"Mr. Bitler, please acknowledge this deed signed as my free act and deed."

He testified that the signatures on the letter and deed were the same. James W. Looker testified that he and his wife signed the deeds as witnesses at the request of his brother, William R. Looker, who brought the deed to them. Witness could not testify whether the grantors' names were signed to the deed or not at the time. It perhaps should be stated that the defendant Lousina Looker further testified that the land in question was the home of herself and husband, and had been for 28 years; that she knew very little about her husband's business; that she never received any consideration for the sale or mortgaging of the property; that her husband's transactions were so numerous and varied that she did not undertake to keep track of them; and that when her husband brought in papers for her to sign, she always signed them.

The circuit judge, who heard the evidence and saw the witnesses, found for the complainant. In an opinion filed in the case he said:

"The sole question raised in the case was whether the instrument was signed by defendant Lousina Looker. There can be no doubt but that the complainant is right in his contention, and that the instrument was duly signed by both defendants as the testimony shows. * * * While the acknowledgment of this deed by the defendant Lousina Looker was not regular, the original deed was introduced in evidence, and the controversies being between parties to that deed, and no question arising under the recording laws, acknowledgment by her was not so important as to make any difference with the rights of complainant. The question raised as to the rights of the wife where land is held by entireties was fully answered by the authorities relied upon by complainant's solicitor, especially *People's Building & Loan Ass'n* v. *Billing,* 104 Mich. 186 (62 N. W. 373)."

A decree in accordance with the prayer of the bill was entered, and the defendant Lousina Looker has appealed.

It is contended by appellant's counsel, in his brief, that the circuit judge erred in his conclusions, and that the real questions are whether:

(1) Mrs. Looker actually executed the deed intelligently, without accident, mistake, or fraud, and without such negligence on her part as might under some circumstances estop her from denying it; (2) whether there was a delivery on her part; (3) whether there was consideration running to her; (4) whether in an estate by the entireties one spouse can convey a fee simple and the other spouse create an incumbrance.

Upon the first and second questions urged by appellant's counsel, we think it should be held that where, as in this case, a wife signs an instrument at the request of her husband, and she testifies that she did so habitually and always, and the husband is thereby enabled to borrow money upon such instrument, the lender relying upon the paper being what it purports to be upon its face, the wife should be held to be estopped from denying the validity of such execution and delivery. *Van Slyke* v. *Rooks*, 181 Mich. 88 (147 N. W. 579). The maxim that when one of two innocent persons must suffer by the acts of a third, the loss must be borne by the person who enables such third person to occasion it should apply with full force here, even if the facts were as testified to by Mrs. Looker, of which we have grave doubts. The cases cited by appellant's counsel are readily distinguished from the instant case.

Upon the third question, being that of consideration, it is only necessary to say that a wife's conveyance of her property in payment of or security for her husband's debt is supported by a sufficient consideration. *Le May* v. *Wickert*, 98 Mich. 628 (57 N.

W. 827) ; *Kieldsen* v. *Blodgett,* 113 Mich. 655 (72
N. W. 9) ; *Marx* v. *Bellel,* 114 Mich. 631 (72 N. W.
620) ; *Just* v. *Savings Bank,* 132 Mich. 600 (94 N.
W. 200) ; *Hackley Nat. Bank* v. *Jeannot,* 143 Mich.
454 (106 N. W. 1121).

As to the fourth question, in the case cited by the
learned circuit judge (*People's Building & Loan
Ass'n* v. *Billing, supra*), it was held that a mortgage
executed by husband and wife upon land owned by
them as tenants in the entirety, to secure a loan made
to the husband alone, was valid.

It having been held that the effect of the deed was
that of a mortgage, it necessarily was a mortgage as
to both defendants, and we see no force in the claim
of counsel that it was a deed as to one defendant and
a mortgage as to the other.

We find no error in the record, and the decree of
the court below is affirmed, with costs to complainant.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER,
BIRD, MOORE, and STEERE, JJ., concurred.