## ATWOOD v. UNITED STATES.
### No. 3457.

District Court, W. D. Michigan, S. D.

Dec. 10, 1932.

Dunham, Cholette & Allaben, of Grand Rapids, Mich., for plaintiff.

Fred C. Wetmore, U. S. Dist. Atty., of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

Claimant seeks recovery, with interest, of the amount of two certificates of overassessment issued by the Commissioner of Internal Revenue for income taxes paid by claimant for the years 1922 and 1923. For the year 1922, claimant paid $1,978.10 under item 4 of the return, designated as "Income from partnerships, fiduciaries," etc., on receipts from Atwood Lumber Company. For the year 1923, claimant paid $745.68 under the following items: Item 1, "Salary, wages, commissions, etc., from Atwood Lumber Company $8800," and item 4, "Income from partnerships, fiduciaries, etc., from Atwood Lumber Company $1956."

On November 8, 1926, the Commissioner wrote claimant, in part, as follows:

"An audit of your returns for the years 1922 and 1923 in connection with the report of the Internal Revenue Agent in Charge at Detroit, Michigan, dated June 22, 1926, discloses an overassessment of $1978.10 for 1922 and $559.26 for 1923.

"It is noted that the overassessments for each year result from eliminating from your returns income received as copartner with your husband in the firm Atwood Lumber Company, Grand Rapids, Michigan.

"In accordance with S. R. 7199, Bulletin V–10–2633, March 8, 1926, this income is held to be taxable to your husband inasmuch as a married woman may not enter into a partnership with her husband under the laws of the State of Michigan.

"The limitation of the refund of taxes for the year 1922 will expire shortly and in order to fully protect yourself against the running of the Statute of Limitations with respect to the apparent overassessments referred to in this letter, it is suggested that you immediately file with the Collector of Internal Revenue for your district a claim on

the enclosed Form 843, the basis of which may be as set forth herein.

"In the event that you and your husband should desire to authorize the application of the overassessments in your favor as a credit to taxes assessed against your husband, an agreement in writing to that effect should be submitted."

On or about December 15, 1926, claimant filed Treasury Department form 843, being the form used for claiming refund of taxes illegally collected, and therein stated: "The Commissioner of Internal Revenue has ruled this amount to be an overassessment on the ground that income on account of which these taxes were assessed and paid was in law that of my husband, Guy W. Atwood, and has assessed or is about to assess additional income taxes against him based on such ruling. Should this ruling be eventually sustained, the statute of limitations will have run against my claim for refund, and double taxation on the same income will result. In the event that such ruling is not eventually sustained, I stand ready to repay such amount as shall be assessed against me."

On October 25, 1927, claimant executed an unlimited consent waiver reading:

"Consent Fixing Period of Limitation upon Assessment and Collection of Income and Profits Tax.
"For Husband and Wife When Income is Readjusted.

"October 25, 1927
"In pursuance of the provisions of existing Internal Revenue Laws * * * Mrs. J. W. Atwood, a taxpayer of 255 Briarwood Avenue, S. E., Grand Rapids, Michigan, and the Commissioner of Internal Revenue hereby consent and agree as follows:

"That the amount of any income, excess-profits, or war-profits taxes due under any return made by or on behalf of the above-named taxpayer for the years 1922 and 1923, under existing acts, or under prior revenue acts, by reason of any readjustment of the tax liability of Mr. Guy W. Atwood with respect to income received by such taxpayer, may be assessed and collected at any time, irrespective of any period of limitations.
"J. W. Atwood, Taxpayer.
"By ———————
"D. H. Blair, Commissioner."

This suit was instituted June 19, 1931. It appears that the certificates of overassessment were issued upon the authority of S. R. 7199 Bulletin V–10–2633, March 8, 1926, and that this was later revoked· by income tax ruling 2477 appearing in cumulative Bulletin VIII–2, page 198.

Defendant's claims, in substance, are that it is not liable upon the certificates of overassessment for the reason that they were erroneous and illegal; that, in any event, they do not provide a legal basis for claimant's suit; and that claimant's execution of an unlimited consent, followed by the later readjustment of the tax liability of her husband, bars her claimed right of recovery.

Claimant urges, on the other hand, that the certificates represent an implied promise upon the part of the government to pay; that there was no mistake of law or fact in the issuance of the certificates; and that the record contains no legal evidence of the reassessment of the tax against claimant.

In the view which the court takes of the issues, it will be unnecessary to discuss several of the questions raised. In this case, it has not been nor can it reasonably be contended that the government has received income taxes to which it was not entitled. The right of the government to receive from the income of the Atwood Lumber Company at least the entire amount paid is clear. If ruling S. R. 7199 had been finally determined to be a correct statement of the law, the government would have been entitled to a larger amount because the income of claimant's husband would have extended into the higher brackets. Proper construction of the certificates of overassessment·and of the correspondence in connection therewith and relating thereto forces the conclusion that the question of law involved was not then regarded as having been settled; and that both the government and the taxpayer recognized this situation. The clear purpose was that, if the ruling of the Commissioner should be sustained, the amount of the overassessment certificates would be credited upon an additional assessment against claimant's husband. There is no indication either of an intent on the part of the government, or of understanding on the part of the taxpayer, that, in event the ruling of the Commissioner should be sustained, the government would repay the amount to claimant. Claimant's position, therefore, that an account stated resulted from such a transaction, is not tenable. As already indicated, there is no basis for a claim of recovery upon the certificates themselves. They contain no promise, either express or implied, to pay claimant any sum of money.

■ Claimant cannot justly urge the application of the statute of limitations. The government is not suing claimant for recovery of taxes. It seeks only to retain taxes which were justly due and which have been fully paid.

■ Claimant argues that the Commissioner made correct application of the law in following S. R. 7199. The court is not impressed by this contention. The evidence clearly shows the existence of a partnership in form between claimant and her husband. Her interest therein was not denied by any evidence. It is true that under the Michigan authorities the wife cannot be held liable upon executory contracts of a firm sought to be established between husband and wife. It is not, however, true that no legal consequences arise from the attempt to establish such a partnership. To say that the property of such an enterprise is free either from general property taxes, income taxes, inheritance taxes, or other levies for governmental purposes is to state an absurdity. The principle underlying the cases which hold that a wife cannot enter into a contract of partnership is that the sacred relations between man and wife are not to be disturbed or destroyed by contentions which may arise from such a community of property. See Artman v. Ferguson, 73 Mich. 146, 40 N. W. 907, 2 L. R. A. 343, 16 Am. St. Rep. 572. The courts have held that important legal consequences do arise from the attempts (frequently made) to form partnerships between husband and wife. See Hyde v. Powell, 47 Mich. 156, 10 N. W. 181; Gillespie v. Beecher, 94 Mich. 374, 54 N. W. 167; Hackley National Bank v. Jeannot, 143 Mich. 454, 106 N. W. 1121; Tomkovich v. Mistevich, 222 Mich. 425, 192 N. W. 639. To say that the wife may not enter into a contract of partnership with her husband and thereby become liable upon the executory contracts of the firm is a correct statement of legal principle. The deduction therefrom, however, that she is not liable for taxes on income, salary, wages, or commissions actually received by her from such a relationship is incorrect.

It being the judgment of the court, therefore, that the income taxes paid by claimant to the government were properly assessable against her, and that the issuance of the certificates of overassessment was erroneous, it follows that claimant may not base any rights of recovery thereon. A judgment will accordingly be entered in favor of defendant.